GILES *v.* THE STATE OF GEORGIA.

On a trial for rape it is manifest error to charge the jury that if they credit the testimony of the injured female, or if they believe she swore the truth, they must find the defendant guilty. Such a charge is in effect a decision by the judge of the whole case, except the credibility of the witness. Whether the accused be guilty or innocent, he is entitled to be tried by a jury, as to all the elements of fact involved in the charge.

May 3, 1889.

Rape. Criminal law. Charge of court. New trial. Before Judge WELLBORN. Hall superior court. August term, 1888.

Report. unnecessary.

J. M. TOWERY and S. C. DUNLAP, for plaintiff in error.
HOWARD THOMPSON, solicitor-general, for the State.

BLECKLEY, Chief Justice.

Giles being convicted of rape moved for a new trial on thirteen grounds, all of which were overruled and a new trial denied. In the argument here the solicitor-general furnished no brief. He discussed the case chiefly on its merits, with reference to the sufficiency of the evidence to warrant the conviction. We needed assistance on some other points in the case, but got none. For instance, we needed authority upon the question whether the good character of the female was competent evidence for the State before it was attacked by the accused.

The court charged the jury : "Now if you credit the testimony of the injured female in this case, then you will have to find the defendant guilty"; and, "After all it comes back to this proposition—whether you will believe her or not. If you believe she swore the truth, why then the defendant is guilty. If you believe she has not, you will find him not guilty." Anything more manifestly erroneous could not have been embodied in the court's instructions to the jury in the trial of any criminal case. This charge virtually withdrew from the jury every question except that of the credibility of the injured female ; the court decided all the rest,—and this notwithstanding it had been ruled by this court in *Habersham* v. *The State*, 56 *Ga.* 61, that it was error so to restrict the jury. However guilty the accused may be, he is entitled to be tried by a jury ; and we are obliged to remand the case in order that that may be done.

The other special questions embraced in the motion for a new trial, we leave to be reconsidered by the court

below if they should again arise; and in the meantime
to be studied by the solicitor-general in the light, of
authority.                              *Judgment reversed.*