court upon the subject of the character of the accused for peaceableness was not approved at all, and therefore cannot be considered. The request to charge upon this subject was argumentative, and stated the law too favorably for the accused. The other requests to charge, including one with reference to the law of reasonable doubt, were, so far as legal and pertinent, covered by the general charge of the court.

3. Where during the progress of a trial the court refused to allow the introduction of certain evidence on the ground that the same was irrelevant, and afterwards this evidence in the opinion of the judge becoming relevant on account of the introduction of other testimony and being then admitted, the refusal to admit it when first offered is not cause for a new trial, even if it was really relevant when so offered.

4. The evidence being such that the jury might have found the accused guilty of the crime of murder, and the verdict being for voluntary manslaughter, the accused has in this respect no cause of complaint. There was no error in refusing a new trial.

February 5, 1895. By two Justices.        *Judgment affirmed.*

Indictment for murder. Before Judge HUNT. Dodge superior court. September term, 1894.

J. W. PRESTON and E. T. DAVIS, for plaintiff in error.

J. M. TERRELL, attorney-general, and TOM EASON, solicitor-general, *contra.*

---

CANTRELL *v.* THE STATE.

BLECKLEY, C. J.—Reading the whole charge of the court together, it conforms substantially to the rule touching the establisment of an *alibi* and the doctrine of reasonable doubt, set forth in *Harrison* v. *The State*, 83 *Ga.* 129; and there was no error in denying a new trial.        *Judgment affirmed.*

October 8, 1894.

Indictment for robbery. Before Judge CLARK. Fulton superior court. March term, 1894.

F. R. WALKER, for plaintiff in error.

C. D. HILL, solicitor-general, *contra.*