## HENDERSON *v.* THE STATE.

The instructions which the court gave to the jury as to the law governing the case were in accord with previous decisions of this court which were controlling, and fully covered the issues upon which the jury were called on to pass. The verdict was amply supported by evidence, and no reason appears why the conviction of the accused should not be allowed to stand.

Submitted June 21,—Decided July 12, 1904.

Indictment for murder. Before Judge Freeman. Meriwether superior court. May 17, 1904.

*H. W. Hill, N. F. Culpepper,* and *McCutchen & Bowden,* for plaintiff in error.     *John C. Hart, attorney-general,* and *H. A. Hall, solicitor-general,* contra.

EVANS, J.     Bose Henderson was tried for and convicted of the murder of Tobe Caldwell.     The evidence for the State tended to show that some months prior to the homicide there had been a difficulty between the deceased and the defendant, in which difficulty the defendant was shot by the deceased.     There was an effort to settle that difficulty by the payment of the physician's bill and compensation for the time lost by the defendant while he was laid up with the injury.     The deceased was willing to pay the physician's bill, but declined to pay for the lost time; and about three weeks before the homicide, the defendant threatened to kill the deceased if he did not pay for this lost time.     The homicide occurred just outside of a negro house where a frolic was had.     The deceased was squatting around a fire when the defendant came out of the house, and the latter approached the deceased, while he was in a squatting posture, and without warning fired on him with a pistol and immediately ran off.     The State also introduced testimony of the dying declarations of the deceased, who narrated the occurrence substantially as testified to by the eye-witness.

The defendant offered evidence tending to show that the witness introduced by the State as having seen the difficulty was in the house behind the door at the time of the shooting and could not have seen it; that this witness was a man of bad character, and that the deceased was of bad character.     The defendant denied the shooting, and relied on the defense of alibi.

The jury found the defendant guilty and recommended his confinement in the penitentiary for and during his natural life.     A motion for a new trial was made on the usual grounds, and at the hearing an amendment was allowed by the court.     The motion as amended was overruled and the judgment of the court overruling the motion for a new trial is assigned as error.     The first, second, and third grounds of the amended motion were not approved by the trial judge.

1. In the fourth ground complaint is made that the court erred in not instructing the jury that the indictment was not to govern them further than it went to make up the issue between the

State and the accused. This ground of the motion is absolutely without merit, not only for the reason that there was no request to deliver such charge, but because the court instructed the jury on this subject as follows: "In this case Bose Henderson is indicted for the offense of murder, and on his arraignment . . has entered a plea of not guilty, which, together with' the charge made in this indictment, constitutes the issue upon which you are to pass." The court also instructed the jury that the burden was on the State to establish every material allegation of the indictment beyond a, reasonable doubt.

2. Error is assigned upon the following charge: "Express malice is that deliberate intention unlawfully to take away the life of a fellow-creature, which is manifested by external circumstances capable of proof, such as previous difficulties, preparation to commit the offense, threats. Such things as these indicate what the law calls express malice." The court defined express malice in the terms of the statute, and gave certain illustrations. In *Roberts* v. *State*, 3 *Ga.* 310, 324, this court approvingly cited the illustration of express malice given by Chitty, viz., "where a deliberate intention to kill a particular individual is evinced by former animosities, concerted plots, threats, or by the nature of the act itself." The previous difficulty between the defendant and the deceased, and the threat against the deceased inspired thereby, were indicia of express malice; and the court did not err in illustrating what is meant by the term "express malice," by stating that it might be shown by proof of previous difficulties, threats, and things of that character. *Mitchum* v. *State*, 11 *Ga.* 628; *Wilson* v. *State*, 33 *Ga.* 217; *Brown* v. *State*, 51 *Ga.* 502.

3. The charge of the court on the subject of alibi was taken from the case of *Harrison* v. *State*, 83 *Ga.* 129, and was as follows: The "burden of proof is on the accused to verify the alibi, not beyond a reasonable doubt, but to the reasonable satisfaction of the jury. Any evidence whatever of alibi is to be considered in the general case with the rest of the testimony; and if a reasonable doubt of guilt be raised by the evidence as a whole, the doubt must be given in favor of innocence." This form of charge has been subsequently approved by this court. *Miles* v. *State*, 93 *Ga.* 120. See also *Boston* v. *State*, 94 *Ga.* 591; *Cantrell* v. *State*, 95 *Ga.* 500. The exception to the charge is not well taken.

4. Complaint is made that the charge of the court on the subject of the defendant's good character eliminated that element of the defense. The court instructed the jury that the good character of one on trial for a crime, if satisfactorily proved, may of itself, in a case where guilt is not plainly established, be sufficient to generate in the minds of the jury a reasonable doubt of his guilt; but where the guilt of the accused is made to appear to the satisfaction of the jury, beyond a reasonable doubt, then they are authorized to convict, regardless of the good character of the accused. This charge was practically a literal excerpt from the second headnote in the case of *Redd* v. *State*, 99 *Ga.* 210. The only restriction placed by the court upon the effect of proof of good character was in a case where the guilt of the accused was plainly established. While good character should be considered in all cases, yet where the guilt of the accused is established beyond a reasonable doubt, his good character can not avail him anything. The charge complained of did not too narrowly restrict the use of the evidence in relation to good character; the effect of the instruction being, that while proof of good character was of itself sufficient to generate a reasonable doubt of guilt, still in a plain case of guilt the good character of the accused would be an insufficient defense.

5. There was no merit in the last ground of the amended motion for a new trial. The court, in instructing the jury as to the forms of verdict which might be returned, directed them to "find the defendant not guilty," in the event they should "find the defendant guilty of nothing." Taken in connection with the context, the jury could not have been misled as to the meaning of the court. In the same connection the trial judge instructed them that if they did not find the defendant guilty, or if they entertained a reasonable doubt of his guilt, their verdict should be for the defendant.

6. The evidence was sufficient to sustain the conviction. The trial judge was satisfied therewith; and no error of law appearing, the judgment overruling the motion for a new trial is affirmed.

*Judgment affirmed. All the Justices concur.*