·  5286.  HART v. THE STATE.  ·

RUSSELL, C. J.  1. Motions for continuance are addressed to the sound legal discretion of the court, and where a motion for continuance is based upon the ground that a party's leading counsel is physically unable to render the services he contracted to perform, but still the counsel referred to is present in court and under the observation of the trial judge, the discretion of the judge in overruling the motion will not be disturbed, when it appears that after the overruling of the motion for continuance, the counsel on account of whose illness the continuance was sought was able to remain in court and participate in the trial to its conclusion.  *Rawlins* v. *State*, 124 *Ga.* 31 (19), 33 (52 S. E. 1); *Rowland* v. *State*, 125 *Ga.* 792 (54 S. E. 694); *Hightower* v. *State*, 9 *Ga. App.* 236 (70 S. E. 1022).

2. The instructions requested, so far as they were pertinent to the offense for which the accused was indicted, were covered by the judge in the charge given.  The statement of certain circumstances upon which a reasonable doubt might properly be based, which the court was requested to give in charge to the jury, was an appropriate instruction, but under the evidence in this case the failure of the court to give this requested charge did not require the grant of a new trial.

3. An instruction to the jury, as to intention to kill, as an element of the offense of murder, that "it is not necessary for that intention to exist for any length of time before the killing; a man may form the intention to kill, do the killing instantly, and regret the deed as soon as done," is not erroneous, as being confusing, or as leaving the inference that intention, killing, and regret therefor could all exist at the same time.

4. There was no evidence which would have authorized the court to give in charge the law of involuntary manslaughter.  The weapon used and the manner of its use by the defendant placed upon him responsibility for the natural consequences of his act, and, since death ensued, imputed to him an intention to produce the consequence that in fact resulted from the act he intended to commit.  *Stovall* v. *State*, 106 *Ga.* 446 (32 S. E. 586).

5. The instructions of the court on the subject of voluntary manslaughter were correct, and were so well adjusted to the evidence in the case as to obviate the necessity of giving the jury any further or more abstract definition of that offense; and it was not error for the court to omit to instruct the jury as to what would be the legal punishment for the offense of voluntary manslaughter.

6. In the absence of an appropriate and timely request upon that subject, the court is not required to call the special attention of the jury to particular features of the evidence adduced upon the trial of a criminal case; and for that reason the failure of the court to charge the jury in the present case that they could take into consideration the character of the deceased for violence and turbulence was not error.

7. The right of a party to subject the witnesses of the opposite party to a thorough and sifting cross-examination should not be curtailed, but it is not error, even upon a cross-examination, to sustain an objection to the admission of testimony which is wholly irrelevant to the issues in the case. In the light of the explanatory note of the presiding judge, qualifying the recitals of fact as to the rulings of the court upon the testimony, as stated in the assignments of error, it is apparent that these rulings were free from error and not prejudicial to the accused; and it was not error for the court, even upon cross-examination, to prevent useless repetitions of statements which a witness has more than once made.

8. The interest of witnesses who testify in a trial is always legitimate subject-matter for consideration by the jury, but the motive, bias, or interest of one who is not a witness in a criminal case (even though he be the prosecutor) is irrelevant, and can properly be excluded.

9. While great caution should be used in its exercise, the trial judge has the right, in his discretion, to question the witnesses during the progress of a trial, in order to elicit the truth, and this discretion will not be controlled except where it appears that the manner in which the judge exercised his right tended unduly to impress the jury with the importance of the testimony elicited, or would be likely to leave the jury to suppose that the judge was of the opinion that one party rather than the other should prevail in the case. The error at all times to be guarded against is the conveyance of even the slightest intimation of judicial opinion upon the facts in proof or to be proved. As certified by the trial judge, his questions in this case, even if unnecessary for the reason that the witness had already gone over the same ground twice, are not subject to criticism as indicating any opinion on the part of the court as to the merits of the case.      *Judgment affirmed.*

Decided December 9, 1913.  Rehearing denied February 4, 1914.

Conviction of manslaughter; from Colquitt superior court—Judge Thomas.  October 8, 1913.

*McKenzie & Kline, James Humphreys, Shipp & Kline*, for plaintiff in error.

*J. A. Wilkes, solicitor-general, Covington & Summerlin*, contra.