### 14625. ROGERS *v.* THE STATE.

BLOODWORTH, J. 1. The 1st special ground of the motion for a new trial is based upon the fact that counsel for the defendant stated in his place as an attorney that he had a sore throat and a headache. " Under the case of *Rawlins* v. *State,* 124 *Ga.* 31 (19), 39 (52 S. E. 1), followed by *Rowland* v. *State* and *Carter* v. *Pitts,* 125 *Ga.* 792 (54 S. E. 694, 695), it was for the judge to say whether the physical condition of counsel was such that the case should have been continued; and as he did not think the indisposition was such as to require a continuance, we will not control his discretion." *Lambert Hoisting Engine Co.* v. *Bray,* 127 *Ga.* 453 (56 S. E. 513). See Penal Code (1910), § 992; *Hart* v. *State,* 14 *Ga. App.* 364 (80 S. E. 909).

2. The evidence, the admission of which is objected to in the 2d special ground, is not subject to the criticism that it was " incompetent, irrelevant, and prejudicial."

3. Under the facts of this case, " even if the evidence authorized a charge on the law of confessions, the failure to instruct the jury on that subject, in the absence of an appropriate written request so to do, was no cause for a new trial." *Pierce* v. *State,* 132 *Ga.* 27 (2) (63 S. E. 792); *Lindsay* v. *State,* 138 *Ga.* 818 (6), 822 (76 S. E. 369).

4. The whisky, having been identified as that which the defendant was charged with possessing, was properly admitted in evidence.

5. There was ample evidence to support the verdict, no reversible error of law appears, and the judge properly overruled the motion for a new trial. *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED JULY 11, 1923.

Accusation of possessing liquor; from city court of Thomasville — Judge W. H. Hammond. April 9, 1923.

From the evidence it appeared that a sack containing six quarts of whisky in bottles was found in the woods near Thomasville and near a public highway by county-policeman Stewart and R. M. Hardage, and they secreted themselves near it until the defendant came to where it was and ripped open the sack and took out a quart; that the defendant then walked a short distance and from under some leaves got a sack in which were three quarts of gin, and he was then arrested, after an apparent effort

to resist. Stewart testified: "He told me that I had caught him and that he was going to plead guilty;" and he offered to give Stewart a pistol and to pay him $50 not to make a case. This witness further testified, that a short time before the finding of the liquor he went to the defendant and told him that it had been reported that he was selling whisky, and that, if he was, he had better quit, and the defendant then said that he made his living selling whisky, and if the witness could catch him, "go to it." Hardage testified: "All I heard the defendant say was that he had sold four quarts, but he refused to state to whom he had sold it." The defendant, in his statement at the trial, said that he went into the woods to answer a call of nature and discovered the whisky, and had a bottle of it in his hand when the officers rushed upon him and seized him; that he did not know whose whisky it was or how it came to be there. He denied that he had made the statements or offer as to which Stewart testified.

1. The first special ground of the motion for a new trial was that "the court erred in overruling the defendant's motion for a continuance of said case on account of the illness of his counsel, after . . counsel for defendant had stated in his place as an attorney that on account of a sore and inflamed throat and a throbbing headache he was unable physically to try the case and do justice to his client's interests."

2. The second special ground alleges that the court erred in admitting the testimony mentioned above as to an admission of the defendant that he made his living selling whisky.

3. It is alleged that the court erred in not giving in charge "the law of confessions as set out in section 1031 of Park's Penal Code of the State of Georgia, it being the duty of the court to have charged the same, it being called to the attention of the court before the jury retired."

4. The admission in evidence of "the nine bottles said to contain whisky" was objected to "because there was no provision under the law for the officers to possess, control, or have whisky for the purpose of introducing the same in evidence or for any other purpose, and the same was illegal and prejudicial to the defendant."

*J. M. Austin,* for plaintiff in error.

*H. J. MacIntyre, solicitor,* contra.