## FICKLING *v.* THE STATE.

The exceptions to the instructions to the jury on a trial for murder are
not sustainable. The evidence was sufficient to authorize the conviction.

No. 6398. MAY 19, 1928.

Murder. Before Judge Meldrim. Chatham superior court. No-
vember 18, 1927.

*W. H. Bedgood* and *H. Mercer Jordan,* for plaintiff in error.

*George M. Napier, attorney-general, Walter C. Hartridge, solic-
itor-general, T. R. Gress, assistant attorney-general,* and *Julian
Hartridge,* contra.

BECK, P. J. George Fickling was tried for the offense of mur-
der, and the jury returned a verdict of guilty, without a recom-
mendation. The defendant made a motion for new trial, contain-
ing the usual general grounds, and subsequently filed an amend-
ment containing special assignments of error.

1. Error is assigned upon the following charge of the court:
"The State's contention in this case is that the prisoner at the bar
and his wife were at outs; that she had gone to her father's house,
and that he went to that house, and that there, while talking with

the father of his wife, a brother of the wife, the deceased, came up. The State's contention is, that because of the feeling on the part of the husband towards the wife from the separation, that he threatened to kill out the whole family, made threats of express malice and armed himself with a weapon, went to the house of the father and there he killed the brother of his wife, the deceased. That is the contention now upon the part of the State." It is insisted that this part of the charge is erroneous, because it is argumentative, and further because it does not appear from the evidence that the accused threatened to kill out the whole family on account of his feelings towards his wife. This charge does not appear to be error for the reasons assigned. It is not argumentative. The court was stating the contentions of the State, and we apprehend that the court correctly stated those contentions as they were made before the court and jury and as they were authorized by the evidence in the case.

2. There is no merit in the ground of the motion assigning error upon the court's charge as to the contentions of the defendant. If a fuller statement of the contentions of the defendant had been desired, there should have been a timely written request.

3. The court instructed the jury in part as follows: "I charge you that self-defense is a perfect defense. If you believe under this evidence that the prisoner took the life of the deceased in self-defense, then you should acquit him. The prisoner further contends that in taking the life of the deceased he acted under the fears of a reasonable man. Now, I charge you that a bare fear on the part of this prisoner that there was about to be perpetrated upon him a felony, that that bare fear would not be sufficient to justify his taking human life. A bare fear shall not be sufficient, as I have just said, to justify the killing; it must appear that the circumstances were sufficient to excite the fears of a reasonable man, and that the party killing really acted under the influence of those fears, and not in a spirit of revenge." The exception is that the court did not charge all the law applicable to the case at bar. The charge itself being substantially correct, the failure to charge some other principle of law is not a good ground of exception to the charge as given.

4. The charge excepted to in the 6th ground of the motion is

that there is no evidence to support the theory of the State's case submitted by that charge. An examination of the record discloses that the part of the charge thus criticised was not without evidence to authorize it.

5. In the seventh ground of the motion for new trial the following charge of the court is excepted to: "The prisoner contends that the deceased was physically his superior; that there was disparity between them. If you find there was a physical disparity, you can consider that with all the other facts and circumstances in the case." The grounds upon which this charge is criticised are as follows: "(a) That the court failed to instruct the jury what difference great disparity in the sizes of the two men engaged in combat would affect the case and of the rights given by law to a defendant when attacked by a man much his physical superior. (b) Because the court failed to instruct the jury that where there was a great inequality in size of two men, and if the weaker was attacked by the stronger, the weaker might have been guilty of voluntary manslaughter if the circumstances should so warrant, and the court erred in failing to so instruct the jury." The exceptions are without merit.

6. The charge excepted to in the last ground of the motion is as follows: "He [the defendant] says he was a man of good character. That is one of his contentions. I charge you that you can consider the evidence of good character,—consider it along with every other fact and every other circumstance in the case, in order to throw light upon the guilt or innocence of the prisoner. I charge you further, that proof of good character, if he has proved good character, may of itself generate a reasonable doubt as to his guilt; but I charge you, finally, that no matter how good a character a man might have, if the evidence satisfies you beyond a reasonable doubt that he is guilty, you should convict him. If you have a reasonable doubt as to his guilt, you should acquit him. No matter from what source the reasonable doubt arises, if it exists, a doubt for which you can give a reason, then this man is entitled to an acquittal." This charge correctly states the law upon the subject with which the court is dealing in that part of the instructions to the jury, and is not error for the reason assigned.

7. The original motion for new trial contains the usual general grounds, that the verdict is contrary to the evidence, etc.; but a

reading of the brief of evidence shows that there was sufficient evidence to authorize the jury to render the verdict of guilty.

*Judgment affirmed.　All the Justices concur, except Russell, C. J., who dissents.*