WALKER *v.* THE STATE.

No. 15166.   June 7, 1945.

*Phillip Sheffield* and *A. H. Gray,* for plaintiff in error.

*T. Grady Head, attorney-general, R. A. Patterson, solicitor-general, Hooper, Miller & Head,* and *Maud Saunders,* contra.

424

DUCKWORTH, Justice. (After stating the foregoing facts.) ■
On the subject of good character the court charged the jury as fol-
lows: "Where a defendant has been placed on trial, he has a right
to put in issue his good character, and when he puts that character
in issue, he has a right to have the jury to consider it. It is the
duty of the jury to consider that testimony of good character along
with all of the other evidence in the case. The fact that a man
might have borne a good character, if the evidence shows his guilt
beyond a reasonable doubt, then that fact would not warrant the
jury's acquitting the defendant. Whereas, if the jury, taking that
evidence of good character along with the other evidence in the
case, and if there is any doubt in their mind as to the guilt or inno-
cence of the defendant, then that good character alone would of
itself give sufficient probative value as to generate in the minds of
the jury a reasonable doubt and operate as an acquittal. That is
a question for you to say and determine in considering the defend-
ant's good character, but it is your duty nevertheless to consider
the statement along with the other evidence, and if that generates
in your minds a reasonable doubt of the guilt of the defendant it
becomes your duty to give the defendant the benefit of that doubt
and acquit the defendant." Four special grounds of the motion for
new trial complain of excerpts from this portion of the charge, the
substance of the criticisms being that the court failed to add in
connection therewith a charge prescribing the weight to be given
the defendant's statement; that the charge was misleading; that it
caused the jury to believe that they would be authorized by proof
of good character to entertain a doubt sufficient to acquit the ac-
cused only in the event that the other evidence was unsatisfactory;
and that the charge was confusing in that in one instance it directed
the jury to consider the proof of good character, together with the
other evidence, in determining whether or not there existed a
reasonable doubt, and in another instance it directed them to con-
sider the defendant's statement along with the other evidence to
determine if there existed a reasonable doubt; and that each of
the excerpts excepted to is an unsound abstract principle of law.

A correct charge upon one principle of law is not rendered er-
roneous because of the failure to charge in immediate connection
therewith some other correct principle of law. Therefore it was
not incumbent upon the judge to add to the charge here involved an

instruction as to the weight to be given the defendant's statement. Elsewhere in the charge the court had fully instructed the jury concerning the weight to be given the statement of the accused. See *Roberts* v. *State,* 123 *Ga.* 146 (8) (51 S. E. 374); *McCrary* v. *State,* 141 *Ga.* 4 (80 S. E. 305); *Morris* v. *State,* 177 *Ga.* 365 (3) (170 S. E. 217). The movant, relying upon *Shropshire* v. *State,* 81 *Ga.* 589 (8 S. E. 450), strongly insists that the charge complained of is erroneous in that it instructed the jury that, if the other evidence proved the defendant guilty beyond a reasonable doubt, then proof of good character would not authorize an acquittal. The case relied upon involved a charge which thus restricted the consideration of the evidence of good character, and it was held to be error. The charge there instructed the jury that, in the event they were doubtful of the defendants' guilt they might take into consideration their character; but, that, on the other hand, if the jury believed that the case had been made out and that the defendants committed the crime, it made no difference what their characters were and it was the duty of the jury to convict. The charge here does not contain the error pointed out in the *Shropshire* case. This charge instructed the jury that the accused had the right to have the jury consider the evidence of his good character, and that it was the duty of the jury to consider that evidence along with the other evidence in the case. It thus identified the proof of good character as "evidence." This having been done, the charge then correctly stated that, if the "evidence" showed the defendant's guilt beyond a reasonable doubt, then the fact that the accused might have borne good character would not authorize the jury to acquit him. What was meant by "evidence" had been clearly explained to the jury, and they could not have understood that the evidence relating to good character was not involved in that instruction. Thus it is clear that the court's instruction was that, if the evidence, which included proof of good character, showed guilt beyond a reasonable doubt, then the jury should convict, and that the fact that the accused bore a good character would not authorize an acquittal. The charge simply means that good character under our law is not a license for committing crime. This is a correct statement of the law. Proof of good character as evidence may generate a doubt as to the defendant's guilt, but when such evidence, considered as it must be along with the other evi-

dence in the case, fails to generate a doubt of guilt, then it will not authorize an acquittal. *Hathcock* v. *State,* 88 *Ga.* 91 (13 S. E. 959); *Brazil* v. *State,* 117 *Ga.* 32 (3) (43 S. E. 460); *Henderson* v. *State,* 120 *Ga.* 504 (48 S. E. 167); *Jeffers* v. *State,* 145 *Ga.* 74 (2) (88 S. E. 571); *Williams* v. *State,* 170 *Ga.* 886, 891 (154 S. E. 363). Nor is this charge subject to the criticism that in one portion it directs the jury to consider the evidence of good character along with the other evidence in the case, and if there is generated a reasonable doubt in the minds of the jury, they should acquit; and thereafter it instructs the jury that it is their duty to consider the defendant's statement along with the other evidence, and if this generates a reasonable doubt in the minds of the jury, they should give the defendant the benefit of the doubt and acquit him. This portion of the charge is neither confusing nor incorrect. It is not subject to this criticism. Nor is the charge subject to any of the criticisms made under the special grounds of the motion for new trial.

■ There is evidence in this record showing that the accused stated that he killed Emma Walker, without further explanation. There is also evidence, together with his statement, showing that she was killed with a rifle belonging to the accused at a time when he said they were scuffling. The sheriff testified that the accused told him that the deceased was trying to take a rifle from the defendant. Other witnesses testified that he told them that he was trying to take the rifle from her. The circumstances surrounding the killing, together with this evidence, authorized the verdict of guilty, and the general grounds of the motion for new trial are without merit.

*Judgment affirmed.* *Bell, C. J., Jenkins, P. J., Atkinson and Wyatt, JJ., concur.*