## 23315. SALISBURY v. THE STATE.

CANDLER, Presiding Justice. Henry Cook Salisbury was indicted for robbery in Fulton County. The indictment alleges that he did by use of an offensive weapon wrongfully, fraudulently and violently take from the person of M. J. Goddard $1,412.82, property of Colonial Stores, Inc. He was convicted of that offense and sentenced to serve a prison term of ten years. He moved for a new trial on the usual general grounds and amended his motion by adding other grounds. His amended motion was overruled and he timely appealed his case to this court for review. *Held:*

1. That the trial judge should have granted the defendant a new trial on the general grounds of his motion is one of the errors enumerated by him; however, this contention has been expressly abandoned both in oral argument and in his brief and for that reason will not be considered.

2. In his charge the judge, after relating the material allegations of the indictment, instructed the jury as follows: "If the State

has proved those material allegations beyond a reasonable doubt, the defendant on trial would be guilty and it would be your duty to so say by your verdict." The accused enumerates as error, prejudicial and harmful to him, this portion of the charge. We think this part of the charge is subject to the criticism lodged against it. It amounted to an instruction that if the State's evidence proved the material allegations of the indictment beyond a reasonable doubt, the defendant was guilty and it would be the duty of the jury to so find. In effect, it restricted the jury to a consideration of the State's evidence, and the fact that the judge later in his charge instructed the jury to consider the defendant's evidence and his unsworn statement in making a verdict did not have the effect of correcting the erroneous instruction previously given, nor did it remove the injury resulting therefrom. Having given the erroneous instruction, it could only be corrected by the judge expressly withdrawing it and instructing the jury to disregard it. Since this was not done, harmful error resulted therefrom. In this connection see *Habersham v. State,* 56 Ga. 61, and *Giles v. State,* 83 Ga. 367 (9 SE 783).

3. The defendant complains of and assigns error on the charge which the judge gave on the subject of alibi and proof thereof. This portion of the charge was requested in writing by the defendant and given in the language of such request. Hence, the defendant is in no position to attack or criticize it as being erroneous.

4. Another error which the defendant enumerates is that the court refused to allow two of his witnesses to testify concerning the result of a lie detector test they gave him and to which he voluntarily submitted. This presents a new evidence question for the courts of this State. It has been held with near unanimity in many other jurisdictions of this country, both State and Federal, that the results of lie detector tests are inadmissible. In those jurisdictions which have dealt with such evidence, the courts have refused to admit the results thereof whether they be offered by the defendant or by the prosecutor and the reason most commonly given for their exclusion from evidence is that the lie detector's reliability and technique have not yet gained scientific acceptance as an accurate means of detecting deception; and, entertaining the same belief, we hold that the trial judge did not err, as the defendant contends, in excluding the proffered testimony

of these two witnesses. For some of the many cases so holding, see Frye v. United States, 293 F 1013 (D. C. Cir. 1923) ; People v. Carter, 48 Cal. 2d 737 (312 P2d 665) ; Kaminski v. State, (Fla.) 63 S2d 339; People v. Welke, 342 Mich. 164 (68 NW2d 759) ; Boeche v. State, 151 Neb. 368 (37 NW2d 593).

5. During his argument to the jury, the prosecuting attorney, Mr. Ginsberg, made the following remark: "I worked for Bill Boyd [the solicitor general] and I saw many a person released on bond in capital cases, many a person, and he knows it but he tried to have you believe otherwise. What happened in this case, a $10,000 bond is not an easy bond to make. He hasn't told you where he comes from. He hasn't told you what he does. He hasn't told you where he gets his money, how he gets his money, nor from whom he gets his money. Who is this man? I would say to you if you were on trial and if you work for the Post Office or city, I have been working here ten years, I have been working here such and such a time, if you did work, and I make so much money. No, this man went in and robbed this place with a pistol. He is a robber." Whereupon counsel for the defendant said: "If Your Honor please, I will make a motion at this time. I want to make a motion for a mistrial." The court: "I overrule the motion." In the absence of any effort on the part of the judge to remove by reprimand or otherwise the injury this remark unquestionably caused the defendant, we think error resulted from the refusal to declare a mistrial.

6. For the reasons stated in Divisions 2 and 5, a new trial must be granted.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 10, 1966—DECIDED JANUARY 18, 1966.

*George G. Finch*, for appellant.

*Lewis R. Slaton, Solicitor General, J. Walter LeCraw, Arthur K. Bolton, Attorney General, Rubye G. Jackson, Assistant Attorney General*, for appellee.