42213.   FRANKLIN v. THE STATE.

NICHOLS, Presiding Judge.   1.   Where in investigating the cause of an automobile collision in which a death has resulted, evidence obtained from an examination of the death weapon, the automobile, by police officers at the scene of the collision without a search warrant is not inadmissible as having been obtained in violation of the defendant's constitutional rights under the decisions exemplified by Mapp v. Ohio, 367 U. S. 643 (81 SC 1684, 6 LE2d 1081), *Raif v. State,* 109 Ga. App. 354 (136 SE2d 169), and similar cases, as contended by the defendant.

2.   Where the sole admission by the defendant is no more than an incriminating admission not amounting to a confession,

it is not error to refuse to charge on confessions. See *Pressley v. State*, 201 Ga. 267, 270 (39 SE2d 478), and citations.

3. The requirement that a prima facie showing as to voluntariness be made before an incriminating admission is admissible in evidence (see *Bryant v. State*, 191 Ga. 686 (1), 13 SE2d 820), is met where the evidence discloses that such admission is made before arrest in a public building not under the control of the police to whom such admission is made.

4. Under the decision in *Sims v. State*, 221 Ga. 190 (144 SE2d 103), the trial court did not err in overruling the defendant's motion for a separate hearing on the question of the voluntariness of the incriminating admission that she had had "one drink," nor was the defendant denied any constitutional right to counsel under the decision in Escobedo v. Illinois, 378 U. S. 478 (84 SC 1758, 12 LE2d 977), where no arrest had taken place at the time the defendant made the alleged incriminating admission and under all the evidence in the case the defendant was not under custodial interrogation and persons (nurses and doctors) only concerned with the defendant's physical welfare and well-being were present in the room during the period when such admission was made. See Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694).

5. The fourth enumeration of error complains of the following excerpt from the court's charge: "The burden rests upon the State to prove all of the material allegations in the indictment to your satisfaction, beyond a reasonable doubt, and, if the State does this, then you would be authorized to find the defendant guilty of the offense charged." Under the decision of the Supreme Court in *Salisbury v. State*, 221 Ga. 718 (2) (146 SE2d 776), such charge limited the jury to a consideration of the State's evidence only and requires that a new trial be granted.

*Case remanded for new trial. Hall and Deen, JJ., concur.*

Submitted September 12, 1966—Decided September 20, 1966.

*Sanders, Mottola & Haugen, Willis G. Haugen,* for appellant. *Wright Lipford, Solicitor General,* for appellee.