414

## 24058. SALISBURY v. THE STATE.

FRANKUM, Justice. Henry Cook Salisbury was indicted for robbery by use of an offensive weapon. He was convicted and sentenced to thirteen years servitude in the penitentiary. He appealed from the judgment and sentence. _Held:_

1. The first enumeration of error complaining that the court erred in allowing a witness for the State to testify, over objection, as to the condition of a gun at the time it was found in the possession of the accused three weeks after the commission of the robbery, which gun had been admitted in evidence without objection, is without merit. On cross examination of the witness, counsel for the accused elicited testimony regarding the condition of the gun at the time it was found in the possession of the accused. See _Salisbury v. State,_ 222 Ga. 549, 550 (2) (150 SE2d 819).

2. The court did not err in refusing to allow counsel for the defendant to elicit testimony on cross examination of a witness to the effect that eyewitnesses had made mistakes with respect to the identification of the perpetrators of separate and independent crimes having no relation to the crime charged against the accused. The second enumeration of error is without merit. _Smith v. State,_ 202 Ga. 851, 867 (45 SE2d 267); _Quinton v. Peck,_ 195 Ga. 299 (5) (24 SE2d 36); _Stevens v. State,_ 49 Ga. App. 248 (2) (174 SE 718); _Hart v. State,_ 14 Ga. App. 364 (7) (80 SE 909).

3. The third enumeration of error complains of the following portion of the court's charge to the jury: "I further charge you, Ladies and Gentlemen, that the burden rests upon the State to prove the material allegations of this indictment to your satisfaction and beyond a reasonable doubt, and if the State does that, then you would be authorized to find the defendant guilty as charged in the indictment. On the other hand, if the State has not carried the burden by proving the material allegations of the indictment to your satisfaction and beyond a reasonable doubt, then you should acquit him. I further charge you, Ladies and Gentlemen, when alibi is relied on as a defense the burden of proof is on the accused to prove the alibi to the reasonable satisfaction of the jury." Appellant contends that this part of the charge restricted the jury to consideration of the State's evidence alone. Appellant cites and relies upon _Salisbury v. State,_ 221 Ga. 718 (146

SE2d 776), where, on the first appeal of this case this court held that an excerpt from the charge there complained of was erroneous, prejudicial and harmful to him. The charge now complained of is not the same as the charge dealt with on the first review of this case. It is well established that upon consideration of whether a portion of the charge complained of was erroneous, this court should examine the entire charge of the court and not the excerpt only to determine whether the court erred in charging the excerpt. "The charge of the court, like all other deliverances in human language, is to be construed together as one whole, and when one part of it plainly tempers and modifies another, and the ultimate sense and impression are correct, the true standard of practical sufficiency is attained." *Cox v. State,* 64 Ga. 374, 377 (12) (37 ASR 76). And see *Robinson v. State,* 207 Ga. 337 (2) (61 SE2d 475). The trial judge correctly and adequately charged the jury on the question of reasonable doubt, and immediately following the excerpt complained of he charged: "In determining whether or not you entertain a reasonable doubt, it would be your right to consider all of the facts and circumstances of the case, including any inconsistencies testified to by the witnesses as to any relevant facts in the case. If, after consideration of any such inconsistencies and all the facts of the case, you entertain a reasonable doubt as to the guilt of the defendant, it would be your duty to acquit him." He further charged that "if after considering all the facts and circumstances of the case, and under all of the evidence in the case, giving the defendant's statement such weight and credit as you think it is entitled to receive, if your minds are wavering and unsettled, that is the doubt of the law, and if that should exist, you should acquit the defendant." And further, near the end of the charge, the judge instructed the jury: "So, Ladies and Gentlemen, take this case and give consideration to all of the facts and circumstances as shown to you by the evidence; you consider all the evidence that has been adduced to you, giving the defendant's statement such weight and credit as you think it is entitled to receive, and if you should believe beyond a reasonable doubt that the defendant in this county did commit the crime as charged in the bill of indictment, you would be authorized to find the defendant guilty." Appellant does not contend that the court did not properly and adequately instruct the jury with reference to

the defendant's unsworn statement. Upon an examination of the entire charge from which the excerpt now complained of was taken it is obvious that the jury could not have misunderstood that it was bound to consider all of the evidence adduced upon the trial together with the unsworn statement of the accused in determining whether to convict or acquit him. There is no merit in this contention of the appellant.

4. The fourth enumeration of error complains that the trial court erred in failing to charge the jury on nonexpert opinion evidence on the ground that the State's case consisted entirely of nonexpert opinion evidence. This contention is without merit since six witnesses who were present at the scene of the robbery positively identified defendant as the perpetrator of the crime. Their testimony was direct, being a distinct "perception of the senses" and not a "mere inference or conclusion of the mind." *Travelers Ins. Co. v. Sheppard,* 85 Ga. 751, 752 (7) (12 SE 18). See *Code* § 38-102; *Hicks v. State,* 146 Ga. 221 (2, 4) (91 SE 57).

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., and Nichols, J., who dissent.*

ARGUED MAY 9, 1967—DECIDED JUNE 8, 1967—REHEARING DENIED JUNE 22, 1967.

*Henritze, Baker & Bailey, Walter M. Henritze, Jr.,* for appellant.

*Lewis R. Slaton, Solicitor General, J. Walter LeCraw, J. Robert Sparks, Arthur K. Bolton, Attorney General, G. Ernest Tidwell, Executive Assistant Attorney General, Hardaway Young, III,* for appellee.

DUCKWORTH, Chief Justice, dissenting. I dissent from Headnote 3 of the opinion and the judgment of affirmance because the charge that if the State proved its case beyond a reasonable doubt the jury would be authorized to find the defendant guilty as charged, excluded from the consideration of the jury the evidence of the defendant, including his statement.

I am authorized to state that Mr. Justice Nichols concurs in this dissent.