Pannell, Judge,
dissenting. The trial judge had charged the jury relative to six laws and ordinances pertinent to the situation. Three of these applied to the defendant and three to the plaintiff. One of these, applying to the plaintiff, was that "no person shall . . . place himself in any . . . roadway in such manner as to impede the normal and reasonable movement of traffic.” The trial judge then charged as follows: "Now in this connection, having reference now to the statutes and ordinances I have just alluded to, I charge you that should you find from the evidence in this case that either party violated the law of the State of Georgia or the City of Atlanta, such a violation would constitute negligence per se. And should you further find that that violation, either one or more, if there be any such violation, directly caused or contributed to the event which is the basis of this lawsuit, it would be your duty to find for the party not so guilty of negligence on that particular issue” (Emphasis supplied.) The jury could have found that the defendant driver of the automobile was proceeding along the *66 road without violating the ordinances or laws charged by the trial judge and that the act of the plaintiff in crossing this road was impeding the movement of the defendant’s automobile. Under these circumstances the jury, under the charge complained of, would be required to find against the plaintiff, even though there might be clear negligence on the part of the defendant which was not negligence per se. Further, this charge entirely eliminated from the case the doctrine of comparative negligence in so far as it might relate to negligence per se and was harmful as a matter of law. While the trial judge charged generally the law of comparative negligence, this charge dealing with particulars as to negligence per se completely eliminated it from consideration if any negligence per se was found.
REEVES v. MORGAN.
In Williams v. State, 223 Ga. 773, 775 (158 SE2d 373), the Supreme Court ruled: "Clearly the charge, to which no objection was made on failure of the court to charge the effect of the testimony of the defendant, was not harmful as a matter of law, which under Ga. L. 1966, pp. 493, 498 (Code Ann. § 70-207 (c)), would be required for this court to reverse for failure to give additional instructions.” It seems to me that the charge in the case here was clearly harmful as a matter of law and was a substantial error. I also call attention to Childs v. Childs, 223 Ga. 435, 437 (156 SE2d 21), in which it was stated: "While no objection was made by counsel for the appellant to the instruction that a divorce could be granted to both parties, this charge specifically authorized an invalid verdict, and it was a 'substantial error’ within the meaning of Ga. L. 1966, pp. 493, 498 (Code Ann. § 70-207 (c)), which is subject to review.” See also Gunter v. State, 223 Ga. 290, 293 (154 SE2d 608).
It seems that the Supreme Court is construing Section 17 (c) of the Appellate Practice Act (Code Ann. §70-207) considerably differently from the decisions of this court. See Nathan v. Duncan, 113 Ga. App. 630 (6) (149 SE2d 383); Franklin v. State, 114 Ga. App. 304 (1) (151 SE2d 191). We are bound by the decisions of the Supreme Court. In my opinion, however, the charge here meets the requirements set forth in our own cases. The judgment should be reversed.
I am authorized to state that Judges Deen and Evans join in this dissent.