26729. FAVORS v. THE STATE.

SUBMITTED SEPTEMBER 16, 1971—DECIDED OCTOBER 12, 1971.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Joel M. Feldman, Carter Goode, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, William F. Bartee, Jr., Assistant Attorneys General,* for appellee.

GRICE, Justice. This review involves denial of motion for new trial, giving of two charges, and failure to give certain charges in a murder trial. The appellant Joe Will Favors was indicted for the homicide of his wife Ruby Pool Favors by the grand jury of Fulton County and was tried in the superior court of that county. Upon rendition of a verdict of guilty he was sentenced to life imprisonment.

■ The general grounds of his motion for new trial are

not meritorious. There was evidence which showed that he and the victim engaged in an argument and that without justification he shot her with a pistol while they were entering their apartment.

■ Complaint is made in charging the jury as follows: "Now the burden rests upon the State to prove the material allegations of the indictment to your satisfaction and beyond a reasonable doubt and if the State has done this then you would be authorized to find him guilty. . ." The remainder of this excerpt was "but if the State has not done this then you would find the defendant not guilty." The appellant contends that by this the jury was instructed to consider only the *State's* evidence in determining if he was guilty and therefore it was prejudicial and harmful and prevented the jury from considering his evidence to determine guilt or innocence.

In support of this contention, the appellant relies upon *Salisbury v. State,* 221 Ga. 718 (146 SE2d 776) decided in 1966, hereinafter referred to as the first *Salisbury* case (the second *Salisbury* case, 222 Ga. 549 (150 SE2d 819) dealt with other matters). There, in the first *Salisbury* case, this court held that it was error to charge that "If the State has proved those material allegations beyond a reasonable doubt, the defendant on trial would be guilty and it would be your duty to so say by your verdict."

In that case this court held that the excerpt restricted the jury to a consideration of State's evidence only and that this was reversible error even though the judge later in his charge instructed the jury to consider the defendant's evidence in arriving at a verdict since this did not correct such an erroneous instruction and did not remove the injury therefrom, citing *Habersham v. State,* 56 Ga. 61 and *Giles v. State,* 83 Ga. 367 (9 SE 783). The first *Salisbury* case was followed by the Court of Appeals in *Franklin v. State,* 114 Ga. App. 304 (151 SE2d 191), involving a charge quite similar to the one in the case at bar.

In our view, however, the first *Salisbury* case, 221 Ga. 718, supra, is clearly distinguishable from the case at bar.

There the thrust of the excerpt was that "if the State has proved"—that is, if the *State's* evidence proved—the material allegations, the defendant would be guilty.

But in the case at bar the import was that "the burden rests upon the State" to prove them,—that is, if upon consideration of all the evidence, the State carried that burden the defendant would be guilty, but if it did not he would not be guilty.

A study of the excerpt in question, in the light of the entire charge, clearly shows that it was not erroneous. Therefore no corrective instruction was necessary.

The true import of the excerpt in question is manifest from an examination of the portion of the charge immediately preceding it, the excerpt itself, and from what immediately follows it. Those portions follow:

"The defendant having filed a plea of not guilty enters upon the trial of this case with the presumption of innocence in his favor, and that presumption remains with him throughout the trial until and unless the State produces evidence in your hearing sufficient to satisfy your minds beyond a reasonable doubt as to the defendant's guilt of the offense charged.

*"Now, the burden rests upon the State to prove the material allegations of the indictment to your satisfaction and beyond a reasonable doubt, and if the State has done this then you would be authorized to find the defendant guilty, but if the State has not done this then you would find the defendant not guilty.* [Excerpt in question].

"Now, having used the term reasonable doubt, it becomes proper and appropriate for me to define for you what the law means by that term. A reasonable doubt means exactly what it says. It is a doubt founded upon reason, one for which a reason can be given. A reasonable doubt may arise from the insufficiency of the evidence, lack of evidence. While the law requires the *State to prove a defendant's guilt beyond a reasonable doubt,* yet the law does not require the State to prove the defendant's guilt to an absolute or mathematical certainty. . ." (Emphasis supplied).

In addition, the charge here dealt with credibility of a defendant as a witness, corroboration of his testimony and evidence of good character. In this case the defendant testified under oath and offered evidence of his good character.

The excerpt in question is quite similar to that in the third *Salisbury* case, *Salisbury v. State*, 223 Ga. 414 (3) (156 SE2d 48). There the excerpt, in light of the entire charge, was not considered erroneous.

In that case this court (with two Justices dissenting) upheld the following instruction: "That the burden rests upon the State to prove the material allegations of this indictment to your satisfaction and beyond a reasonable doubt, and if the State does that, then you would be authorized to find the defendant guilty as charged in the indictment. On the other hand, if the State has not carried the burden by proving the material allegations of the indictment to your satisfaction and beyond a reasonable doubt, then you should acquit him. . . [also] when alibi is relied upon as a defense the burden of proof is on the accused to prove the alibi to the reasonable satisfaction of the jury."

That the jury there was also instructed to "consider all the facts and circumstances of the case . . . under all the evidence in the case . . . ," while this instruction was not given here, is not of decisive consequence in this case. We have already pointed out several other matters which the judge here included in his charge. The fact remains that the excerpt complained of, considered from all angles, was not erroneous.

From our study, we conclude it could not possibly have caused the jury to believe that they must consider only the State's evidence, and must disregard all evidence produced by the defendant.

■ Three of the enumerations of error relate to instructions to the jury as to good character.

In this connection the court charged as follows: "I charge you that the defendant has the right to have you, the jury, consider evidence of his good character and it is your duty to consider that evidence along with the other evidence in

the case, and I charge you that good character like any other fact tending to establish a defendant's innocence is a substantive fact. I charge you further that if the evidence shows to you the defendant's guilt beyond a reasonable doubt, then the fact that this defendant might have borne a good character would not authorize you to acquit him of the charge for which he is on trial.

"Good character is not a license for committing crime. Proof of good character may, however, generate a doubt as to the defendant's guilt, but when such evidence, considered along with the other evidence in the case, fails to generate a doubt of guilt, then it would not authorize a verdict of acquittal. The court, in so charging you this principle of law or any other principle of law, makes no intimation what your verdict should be."

(a) One of these enumerations complains of the following language being included in the charge as to good character: "Proof of good character, however, may generate a doubt as to the defendant's guilt, but where such evidence considered along with other evidence in the case, fails to generate a doubt of guilt, then it would not authorize a verdict of acquittal."

The appellant contends that the jury was instructed to consider good character along with other evidence to generate a doubt of guilt, and therefore it was prejudicial and harmful and denied him a substantial defense.

This contention is not meritorious.

The portion of the charge is a correct statement of law, and was adjusted to the evidence. See *Brazil v. State,* 117 Ga. 32, 37 (43 SE 460); *Fordham v. State,* 125 Ga. 791 (2) (54 SE 694); *Fickling v. State,* 166 Ga. 487, 489 (143 SE 430); *Walker v. State,* 199 Ga. 418, 424 (34 SE2d 446).

(b) The other two of these enumerations of error complain that the court failed to charge in stated particulars as to good character alone creating and generating a reasonable doubt of guilt of an accused. There was no written request for these, and the charge given was full and fair. No reversible error results as to this. See *Greer v. State,* 159 Ga.

85, 94 (125 SE 52); *Richmond v. State,* 210 Ga. 403, 405 (80 SE2d 178).

We find no error in the proceedings.

*Judgment affirmed. All the Justices concur.*