## 52756. JONES v. THE STATE.

STOLZ, Judge.

The defendant appeals from his conviction of possession of marijuana (more than one ounce). During the trial the defendant presented evidence from which the jury could have determined that the defendant was in possession of less than one ounce of the hallucinogen. In the middle of a comprehensive charge to the jury was a

sentence — or more particularly a word — upon which the defendant enumerates error. The court stated, "I charge you that if you are satisfied beyond a reasonable doubt that defendant was in possession of marijuana, but was not in the possession of more than one ounce of marijuana, you *could* return a verdict finding the defendant guilty of possession of marijuana of less than an ounce." (Emphasis supplied.)

The defendant claims that use of the word "could" might have misled the jury into believing that the defendant could be guilty of the crime of possession of more than one ounce of marijuana even if he had less than an ounce. However, giving the words of the contested sentence their ordinary meaning, we find the defendant's enumeration of error to be without merit. Cf. Code § 102-102 (1). Furthermore, any possible technical misstatement contained in the excerpt of which the defendant complains is so tempered by the import of the totality of the charge as not to be error. *Salisbury v. State,* 223 Ga. 414 (3) (156 SE2d 48).

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

Submitted September 22, 1976 — Decided September 28, 1976.

*George W. Woodall,* for appellant.
*Hobart M. Hind, Loren Gray, Assistant District Attorneys,* for appellee.