42617. EDWARDS v. THE STATE.
(335 SE2d 869)

CLARKE, Justice.

Appellant Anthony Edwards and a friend had a fight with the victim and another. Appellant stabbed the victim, who subsequently died. Appellant does not deny stabbing the victim but insists that the stabbing occurred during a period in which he experienced a memory loss due to his being struck on the head with a rock by the victim. No rock was found. However, there was testimony that appellant did strike his head on the pavement while fighting with the victim. A doctor who treated appellant found no evidence of neurological damage. Appellant was convicted of murder and was sentenced to life impris-

onment. He appeals.[1]

1. In his first enumeration of error appellant complains that the court did not give his requested charge on good character. The court charged the jury that evidence of the good character of the defendant could raise a doubt in their minds as to his guilt. The court also charged that good character is a substantive fact to be considered like any other fact tending to establish innocence. However, good character does not give a license to commit a crime and if evidence of it does not generate a doubt, it will not authorize acquittal. This charge was accurate. *Keller v. State,* 245 Ga. 522 (265 SE2d 813) (1980); *Favors v. State,* 228 Ga. 196 (184 SE2d 568) (1971). The charge requested by appellant is very similar but includes language indicating that evidence of good character may create such doubt even in the face of apparently conclusive evidence that it could lead jurors to believe the other evidence false or witnesses mistaken.

There is no error in a court's refusal to give a charge exactly as requested if the charge as given substantially covers the principle at issue. *Hill v. State,* 250 Ga. 277 (295 SE2d 518) (1982); *Kelly v. State,* 241 Ga. 190 (243 SE2d 857) (1978). Beyond this, however, the requested charge here is arguably incorrect in that it implies that evidence of good character is a substantive defense. While evidence of good character is a substantive fact, which should be considered by the jury along with other facts tending to bear on the question of guilt or innocence, evidence of good character is not a substantive defense. *Keller v. State,* 245 Ga., supra; *Spear v. State,* 230 Ga. 74 (195 SE2d 397) (1973).

2. Appellant contends that the court erred in allowing the state to read to a witness in the presence of the jury a statement which he had given to police during their investigation. The witness, Jesse Hampton, was a witness to the stabbing of the victim. Appellant insists that this was done to bolster Hampton's testimony with a prior consistent statement and that it constituted impermissible hearsay. Acknowledging the exception for admission of prior consistent statements where there is an attack on the witness' testimony as recently fabricated in the hope of gain or leniency from the state, *Lowe v. State,* 253 Ga. 308 (319 SE2d 834) (1984), appellant contends that no such attack was made on the witness' testimony here.

We need not deal with the state's argument that the prior consis-

---

[1] The crime was committed on December 27, 1984. Appellant was indicted on January 22, 1985. Appellant was convicted February 22, 1985, sentenced the same day. A motion for new trial was filed March 21, 1985, amended June 5, 1985, and overruled June 14, 1985. The transcript was certified April 30, 1985. A notice of appeal was filed July 23, 1985, the court having extended the time for filing. The appeal was docketed in this court August 14, 1985, and submitted for opinion on September 27, 1985.

tent statement of this witness was properly admitted under the exception for a charge of recent fabrication. In *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985), this court recently held that the admissibility of out-of-court statements is governed by *Gibbons v. State*, 248 Ga. 858 (286 SE2d 717) (1982). *Cuzzort* stands for the proposition that where the veracity of a witness is at issue, and that witness is present at trial, under oath, and subject to cross-examination, the prior consistent out-of-court statement of the witness is admissible. In this case the witness was asked by the defense whether he was afraid of the district attorney and also asked whether he told defense counsel that he did not intend to make the district attorney mad. This is an attack on his credibility which justifies the introduction of Hampton's prior consistent statement under *Cuzzort,* supra.

*Judgment affirmed. All the Justices concur, except Smith, J., who dissents.*

SMITH, Justice, dissenting.

I dissent for the reasons set out in my dissent in *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985). The only difference is that this case is worse if possible. No one has challenged the witness' sworn testimony as being contradictory to the statement he gave to the police. Under this logic if a witness gives a statement to ten different police officers and none of the statements contradict each other or his sworn testimony, then a party may read the ten different statements to prove that the witness told the truth on the witness stand.

DECIDED NOVEMBER 5, 1985.

*Little & Adams, Robert B. Adams,* for appellant.
*Stephen A. Williams, District Attorney, Kermit N. McManus, Assistant District Attorney, Michael J. Bowers, Attorney General,* for appellee.