### 6214.  WILKES *v.* THE STATE.

1. The charge of the court, when viewed as a whole, was not argumentative and did not stress the contentions of the State to the exclusion of those of the defendant, but the contentions of both were fairly and correctly presented. It was not such a summary of the testimony as to convey the impression that the presiding judge was expressing an opinion on the facts proved in the case, but was merely a presentation of the issues raised by the testimony, and made in reference to the particular testimony by which those issues were supported.

2. The State introduced evidence that the defendant left his home, abandoned his place of business, and "ran away" immediately after the discovery of whisky at the latter place, and that he remained away for more than a year thereafter; and this was sufficient to authorize the statement, in the charge of the court, that it was insisted on the part

of the State that the defendant had fled, and to authorize instructions as to the law of flight.

3. The defendant, in his statement at the trial, said that he had loaned his "grip" to another person, and that when it was returned to him he found two pints of whisky in it. The statement by the court, that the defendant said "he loaned a man his grip to go off and get some medicine in," although inaccurate, did not introduce anything more prejudicial to the defendant's interest than his actual statement, and the error was not of sufficient importance to demand a reversal.

4. The court charged the jury as follows: "The defendant . . . has the right to make to the court and jury such statement as he deems proper in his own defense. The statement of the defendant, our law declares, shall not be under oath, and is entitled to such credit only as the jury trying the case think proper and right to give it. If you think it deserves that credit, you are authorized to believe that statement in preference to the sworn testimony in the case, or you may believe it in part and reject it in part, or you may reject it altogether. So you see that it is a question purely for the jury to determine as to what credit you will give the defendant's statement in the case." This charge did not amount to an expression or intimation of opinion minimizing the weight and value of the defendant's statement. The charge was practically a paraphrase of section 1036 of the Penal Code, and, measured by the rule laid down in *Klug* v. *State*, 77 *Ga.* 734 (3), was not erroneous.

5. An exception that a particular excerpt from a charge was erroneous, because "it was an incorrect statement of the law of the case, and the evidence in the case required a proper charge to be given on this line," is too general to present any question for consideration by this court.

6. Some evidence for the State tended to show that there was whisky in a certain "grip," at the place of business of the defendant and that he opened the grip and took some of the whisky therefrom. The court charged the jury: "It is insisted on the part of the State in this case that Bob Wilkes had whisky at his place of business, had knowledge that it went into the grip, knew that the whisky was in there, that he took the whisky out of the grip." There was no material variance between this and the evidence for the State, referred to above. If the defendant took whisky out of the grip, as was testified, he must have known, when he was taking it from the grip, that it was then in the grip, and also that it had been previously put into the grip.

7. There is no substantial merit in any of the exceptions to the charge of the court, and the evidence was sufficient to authorize the verdict.

DECIDED MARCH 30, 1915.

Accusation of misdemeanor; from city court of Carrollton—Judge Beall. November 18, 1914.

*Buford Boykin,* for plaintiff in error.

*C. E. Roop, solicitor,* contra.

WADE, J. It is unnecessary to discuss the various exceptions in the amendment to the motion for a new trial more fully than in the rulings embodied in the headnotes; and since the evidence

was amply sufficient to authorize a verdict of guilty, it is unnecessary to discuss the general grounds of the motion. However, in view of the fact that this court has several times disapproved of charges in criminal cases where the expressions "the State insists," and "the State contends," were used to introduce recitals as to the facts or inferences drawn from evidence relied upon to sustain a conviction, it may be proper, though perhaps trite, to make some slight comment on those grounds of the amendment to the motion for a new trial which complain that the court unfairly presented the contentions of the defendant and emphasized those of the State, and that his presentation of the contentions of the State in the case was argumentative and tended to prejudice the rights of the accused. The judge charged the jury as follows: "It is insisted on the part of the State in this case that Bob Wilkes, the defendant on trial, is guilty; insisted that he kept liquor at his place of business on Depot street; insisted that he kept that liquor in violation of law. It is insisted on the part of the State, gentlemen, that when he was overtaken in this offense he fled; that is, that he left the country, ran away. That is what the State insists in this case. The defendant, gentlemen, on his part denies these charges. He says that he did not keep any liquor at his place of business, that he had no knowledge of any liquor being kept at his place of business. He says he loaned a man his grip to go off and get some medicine in, and if he brought liquor back in it and put it in his place of business, he didn't know it. These, gentlemen, are all questions for you to thrash out and determine what the truth of the transaction is." He further charged the jury as follows: "I charge you, gentlemen, as a matter of law, if Bob Wilkes had any whisky at his place of business, whether it belonged to him or not, if he had knowledge of it he would be guilty. But if liquor was put in there without Bob Wilkes's knowledge or consent, he didn't know anything about it, he couldn't be convicted. A man can not be convicted of an offense he had no knowledge of, that he is not guilty of; but, gentlemen, as before stated, it is insisted on the part of the State in this case that Bob Wilkes had whisky at his place of business, had knowledge that it went into the grip, knew that the whisky was in there, that he took the whisky out of the grip. The defendant denies that, says that it is not true, that he didn't do that. Those are questions for you to determine."

From these two excerpts it will be observed that the judge not only stated the contentions of the State, but also the counter-contentions of the defendant, and that he stated the latter with sufficient fullness to put clearly before the jury the various matters of defense relied upon. The mere use of the expression "the State insists" (and in fact its repeated use), as was said in *Rouse* v. *State,* 2 *Ga. App.* 184 (58 S. E. 416), will not diminish the error of the judge, should he review in detail each fact and circumstance in testimony in such a way as would tend to impress upon the jury the idea that the testimony has established the contention of one party, or that certain testimony is entitled to more weight than other testimony. Or should he so particularize and impress upon the jury various inferences which might arise from the evidence, regardless of the qualifying words "the State insists," "it is contended," etc., the charge would amount to an intimation of an opinion forbidden by the statute (Penal Code, § 1058; Civil Code, § 4863). In *Brown* v. *State, 6 Ga. App.* 356, 360, 361 (64 S. E. 1119), this court held: "It is no valid objection to a charge of the court that it presents the issues of the case vividly and graphically, if it is fair, is not argumentative, does not sum up the testimony, and does not express or intimate any opinion as to what has or has not been proved." And further, in the same case, it was said that the charge in that case, when viewed in connection with its context, was not argumentative and did not stress the State's contentions to the exclusion of those of the defendant, but that the contentions of both were fairly and accurately presented; and that it was not such a summary of the testimony as to convey the impression that the judge was expressing an opinion on the facts proved in the case; and further that "it was a very fair presentation, not of the testimony, but of the issues raised by the testimony. It draws the issues clearly and correctly, but it makes no reference to the particular testimony by which these issues are supported." We think this comment on the charge of Judge Hammond in the *Brown* case (which went into details to a far greater extent than did the charge in the instant case, and which so graphically presented all the contentions of the State, while at the same time fully putting before the jury for their consideration the counter-contentions of the defendant) would apply to the charge now under consideration, in so far as relates to the fairness of the charge, and the impartial and

full statement therein of the contentions of both the State and the accused. As was said in *Thomas* v. *State,* 95 *Ga.* 484 (22 S. E. 315), the trial judge should "refer to the evidence only so far as is necessary to present the leading issues in the cause, leaving the minor contentions of the opposing counsel to the consideration of the jury under appropriate general instructions. It should contain no such summary of the evidence as might to a jury either seem to be an argument or amount to the expression or intimation of an opinion thereon."

Measured by this rule, the charge of the court complained of in the case under consideration is not subject to exception on the ground that it presented to the jury the contentions of the State in such a manner as to amount to the expression or intimation of an opinion thereon. The major contentions of the State, necessary to warrant a conviction of the defendant, were stated, and the court stated also the reverse contentions of the defendant. No reference was made to the testimony, nor was it suggested by the court that any of the contentions insisted upon by the State were sustained by the evidence, or that any particular evidence tended to sustain any particular contention or all the material contentions of the State. While the use of the words "the State insists," "the State contends," would not, as already stated, and as heretofore decided by this court, relieve from error an argumentative and objectionable statement of the contentions of the parties, still the fact that the court repeated, in connection with every reference to a material contention on the part of the State, the words, "the State insists," might serve in some degree to remove from the minds of the jury any impression that the court was stating the various contentions as facts, or was intimating that such contentions had been proved, and rather tended to impress upon the jury that the contentions recited were merely such contentions as were "insisted" upon by the State, and not by any means contentions which had been established by the testimony. It is hard to imagine how a trial judge may present to a jury for their consideration the material and essential contentions on the part of the State without subjecting himself to the just criticism of having (by inadvertence) at least intimated an opinion to the jury, unless he should preface any statement as to the contentions of the State by the words "the State contends" or "the State insists," or by other words of like

import; though where the evidence itself is reviewed and commented upon in such a way as amounts to an intimation or expression by the court, it is well settled that the use of these words, no matter how often, will not remove the effect of such an intimation or expression. Undoubtedly the safer and wiser plan is for the judge to avoid any attempt to present the contentions of the State in a criminal case with great minuteness and particularity, lest he encroach upon the province of the jury; but a mere general presentation of the various contentions relied upon by the State to warrant a conviction, where the obverse of the picture is also fully and fairly presented to the jury, does not necessarily amount either to an argumentative presentation of the case for the prosecution or to an expression or intimation as to what may or may not have been proved.          *Judgment affirmed. Russell, C. J., dissents.*