## 23698. STEVENS v. THE STATE.

SUBMITTED SEPTEMBER 14, 1966—DECIDED OCTOBER 10, 1966.

*John N. Crudup,* for appellant.

*Jeff C. Wayne, Solicitor General, Frank Strickland, Jr., Arthur K. Bolton, Attorney General, G. Ernest Tidwell, Executive Assistant Attorney General, Charles B. Merrill, Jr.,* for appellee.

GRICE, Justice. Following his conviction for rape Freddy Lee Stevens enumerated as error here the admission in evidence of his incriminating statement, the refusal to direct a verdict of acquittal for lack of venue, and the denial of his motion for new trial. He and two others were jointly indicted for such offense, and he was tried separately in the Superior Court of Hall County, found guilty and sentenced to five years imprisonment.

■ We find no merit in the appellant's contention that since he was only 18 years of age and without legal counsel, the admission of his incriminating statement violated his right to counsel as guaranteed by the State and Federal Constitutions. The evidence is undisputed that he was first fully advised of this right to counsel and that he waived it. A member of the Gainesville Police Department testified that when the appellant came in to surrender himself, he ". . . advised him that he didn't have to tell me anything if he didn't want to. That he had a right to have an attorney present when he made a statement. That anything that he said could be used for or against him in a court of law," and that the appellant made the statement freely and voluntarily. The statement itself recites that the appellant was advised of his right to the advice of counsel before making any statement, and that "I hereby expressly waive my rights to advice of counsel . . ."

There was no evidence that the appellant was not of average intelligence and experience for an 18-year-old.

■ The refusal to direct a verdict of not guilty on the ground of lack of venue was not erroneous. The rule is: "It is not error in a criminal case to refuse to direct a verdict of not guilty." *Baugh v. State,* 211 Ga. 863 (1) (89 SE2d 504).

■ There is division among this court now, as there has been in the past, as to the necessity of corroboration of the testimony of the victim, who has reached the age of consent. However, it is not necessary that we pass upon that question here as there was evidence to corroborate the testimony of the victim, 17 years of age, that the crime had been committed. Immediately following it she went to police headquarters of the City of Gainesville and made complaint. In his statement referred to above, the appellant related his and the other indictees' participation in the offense with which they were charged. Furthermore, the fourth male member of the group, who according to the evidence did not attempt to molest the victim, testified as to the appellant's criminal act upon her.

■ The remaining contentions, which were made in the motion for new trial, relate to the sufficiency of the evidence. They cannot be sustained. From the testimony of the victim and the fourth person above referred to, the jury was fully authorized to find that the appellant and the two other indictees pulled the victim from the automobile which they all were occupying and forcibly and against her will had carnal knowledge of her. There was evidence as to every element of the crime charged.

As to venue, the evidence amply established that the offense was committed in Hall County. While the testimony of the victim on this subject was somewhat uncertain, an eyewitness to the crime and a police officer who went to the scene testified that it was in that county.

*Judgment affirmed. All the Justices concur.*