26229. FORD et al. v. THE STATE.

ARGUED DECEMBER 16, 1970—DECIDED JANUARY 21, 1971—
REHEARING DENIED FEBRUARY 15, 1971.

*R. P. Herndon, Michael W. Broadbear,* for appellant.

*Lewis R. Slaton, District Attorney, Charles S. Stewart, Carter Goode, Tony H. Hight, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, William R. Childers, Assistant Attorneys General,* for appellee.

ALMAND, Chief Justice. Larry D. Ford, Harry Lee Hardy and Willie Lee Bussey were charged, under separate indictments, with the rape of a named female. They were, on their joint trial, found guilty by the jury with a recommendation "that the penalty be life imprisonment." A life sentence was imposed on each defendant.

The defendants' joint amended motion for a new trial was overruled. The appeal is from the conviction and sentence and from the order denying a new trial.

■ The general grounds. The defendants contend that the evidence is insufficient to support the verdict in that the testimony of the victim was not corroborated and her testimony was contradictory.

There was evidence to support the following: The victim immediately made her complaint to a police officer who testified that her hair and clothing were disheveled and that she had leaves and dirt all over the back of her clothes. He further testified that she was hysterical. The officers went with her to the place where the alleged rape ocurred and she identified two of the defendants as being the men who committed the assault. She was examined by a physician who found no bodily injuries, but small abrasions in the area at the opening of the vagina. A smear was made, but no sperm was present. Both Hardy and Ford were placed at the scene of the crime, at the time it was committed, by a witness.

The immediate complaint to the police (*Stevens v. State,* 222 Ga. 603 (151 SE2d 127)); the hysteria of the victim (*Harper v. State,* 201 Ga. 10 (39 SE2d 45)); the condition of her clothing (*Hamilton v. State,* 169 Ga. 826 (151 SE 805)); abrasion on her private parts (*Allen v. State,* 155 Ga. 332 (116 SE 534)), were evidence sufficient

for the jury to find that the victim's testimony was corroborated.

The evidence supports the verdict and the general grounds are without merit.

■ At the conclusion of the State's evidence, counsel for the defendants moved the court to direct a verdict of not guilty as to each defendant. Error is asserted on the denial of the motion.

There is no statutory authority for the direction of a verdict in a criminal case (*Pritchard v. State,* 224 Ga. 776 (2) (164 SE2d 808)) and the court did not err in denying the motion.

■ The third ground of the amended motion for a new trial complained of the trial judge's actions during the trial: (a) in questioning witnesses, (b) in entering objections to questions by the defendants' counsel, and (c) in overruling objections of counsel for the defendants.

Movants in this ground of the motion made no specific assignment of error on the action of the trial judge. There was only a general complaint of the court's action in questioning witnesses, overruling objections which referred to some twenty pages of the transcript of the evidence.

We have examined each of the complaints and find that none of them has any merit.

■ On the trial of the case, a police officer testified that at a line-up, the victim identified the three defendants as the ones who assaulted her.

One of the grounds of the motion for a new trial by the three defendants was that the three defendants "were unrepresented by counsel at the two separate line-ups and said defendants had a constitutional right to be so represented, which right was violated."

The record discloses that shortly after the victim had reported the occurrence to a police officer, a City of Atlanta police officer went with her to the vicinity of the place where the victim said the assault took place and pointed out two of the persons she claimed assaulted her. They were the defendants, Hardy and Bussey. The officer placed them under arrest. The night after the arrest of the three defendants, a line-up was scheduled. The three were advised of their constitutional rights to counsel and the presence of counsel at the line-up. They were presented a waiver of counsel at the line-up. Ford signed the waiver. The other defend-

ant refused to sign the waiver.

The cases of United States v. Wade, 388 U. S. 218 (87 SC 1926, 18 LE2d 1149), and Gilbert v. California, 388 U. S. 263 (87 SC 1951, 18 LE2d 1178), hold that the Sixth Amendment guarantees an accused the right to counsel at the pre-trial police station line-up absent an intelligent waiver by the defendant. Carnley v. Cochran, 369 U. S. 506 (82 SC 884, 8 LE2d 70).

The record discloses that Ford was fully advised of his constitutional right to the benefit of counsel at the line-ups and that he intelligently waived this right.

The undisputed evidence shows that on the night of the alleged assault the victim identified Bussey and Hardy to a police officer as being the ones who assaulted her, before they were arrested. Her in-court identification was not dependent on her line-up identification and was not tainted by the police line-up identification. See United States v. Wade, supra, p. 241, and *Butler v. State*, 226 Ga. 56 (172 SE2d 399).

It follows that the enumeration of error on this issue is without merit.

■ It was alleged that the court erred in failing to instruct the jury as to the lesser offense of assault with intent to rape. there being no evidence in the instant case that any offense other than rape was committed on the victim, it was not error to omit a charge on the lesser offense. Jackson v. State, 225 Ga. 553 (170 SE2d 281).

It was not error to overrule the motion for a new trial on the special grounds.

*Judgments affirmed. All the Justices concur.*