## 47111. SIMMONS v. THE STATE.

BELL, Chief Judge. 1. The evidence warranted the trial court's finding that the defendant intelligently waived in writing his constitutional right to the benefit of counsel at a police line-up. *Ford v. State,* 227 Ga. 279 (180 SE2d 545).

2. The defendant, indicted for five counts of robbery by intimidation and by use of an offensive weapon, was convicted of the lesser offense of robbery by intimidation on all counts. *Code Ann.* § 26-1902. The evidence authorized the conviction and it was not error to refuse to direct a verdict of acquittal. *Summers v. State,* 99 Ga. App. 183 (108 SE2d 140).

3. The defendant requested and the court refused to charge the jury that: "I charge you that the burden is on the State to prove the offense as charged in the indictments." The trial court charged in part as follows: "Now, this defendant enters upon the trial of these cases with a presumption of innocence in his favor and that presumption remains with him throughout the trial of the case until and unless the State produces evidence in your presence and hearing sufficient to satisfy your minds beyond a reasonable doubt of the defendant's guilt of the offense charged or offenses charged." The court then when charging on the subject of reasonable doubt stated: "While the law requires the State to prove the defendant's guilt of the offense charged to your satisfaction beyond a reasonable [sic] yet the law does not require the State to prove the defendant's guilt to a mathematical or absolute certainty." The court charged that the presumption of innocence remains with the defendant until and unless the State *"produces"* evidence of guilt beyond a reasonable doubt and reiterated that the law "requires" the State to prove the defendant's guilt beyond a reasonable doubt. All of these excerpts leave no room for doubt that the court charged the jury that the burden of proof is upon the State. See *Thomas v. State,* 129 Ga.

419 (4) (59 SE 246); *Benton v. State,* 158 Ga. 41 (4, 6) (122 SE 775). Failure to give a requested charge in the exact language of the request where the substance of the request is in fact charged is no longer a ground for a new trial. *Young v. State,* 226 Ga. 553 (5) (176 SE2d 52); *McKinney v. State,* 121 Ga. App. 815 (3) (175 SE2d 893). But assuming arguendo, that it was error to fail to charge as requested, the error is not cause for reversal. Defendant was positively identified as a perpetrator of each and every count of the indictment by the State's witnesses at an out-of-court police line-up and at trial. The defendant limited his case to his unsworn statement. After stating that he became addicted to drugs while in the military in Viet Nam, he went on to say in part: "When I got out . . . I didn't have the funds . . . like I did when I was in the service. So, it's kind of hard to say . . . all these accusations . . . no one was hurt . . . and they say that it actually wasn't any . . . real indication of someone trying to really hurt someone . . It wasn't nothing really like you wanted to run in and beat somebody across the head and take something from them. It was just more or less it was a desire for money for . . . express purposes and wasn't no master crime, no master criminal, no hardened criminal. I have no police record. Wasn't nothing like this. It was just a means for money . . . just a sudden need for money. Wasn't nothing that . . . you'd do like hurting someone or something like this. . . It was something, a need. . . That's all. Wasn't actually no master crime. . ." The defendant's statement was tantamount to a complete confession of guilt. This evidence absolutely demanded a verdict of guilty and it is wholly immaterial what the trial judge charged or what he failed to charge. *Cason v. State,* 16 Ga. App. 820 (4) (86 SE 644); *Pennington v. State,* 117 Ga. App. 701 (7) (161 SE2d 327). The defendant has voluntarily by a solemn confession during the course of the trial acknowledged his guilt.

4. Each count of the indictment accused the defendant

along with another named person of committing the crime of robbery by intimidation and by use of an offensive weapon. The court charged the jury on the law of conspiracy. There was no error as the evidence justified the charge on this subject. *Bruster v. State,* 228 Ga. 651 (187 SE2d 297).

*Judgment affirmed. Evans and Stolz, JJ., concur.*
SUBMITTED APRIL 4, 1972—DECIDED JUNE 7, 1972.

*Alexander Cocalis, Patricia W. Cocalis,* for appellant.
*Lewis R. Slaton, District Attorney, Carter Goode, William M. Weller, Joel M. Feldman,* for appellee.