## 50769. BRADLEY v. THE STATE.

MARSHALL, Judge.

Appellant Bradley was indicted and tried for an offense of robbery by intimidation but found guilty by a jury of the lesser offense of theft by taking. He was sentenced to seven years imprisonment. He appeals from this judgment and sentence. Appellant enumerates six errors. *Held:*

1. In the first enumeration appellant alleges the trial court erred in refusing to permit him to obtain counsel of his own choosing. The transcript reflects that prior to the calling of a jury, appellant entered a plea of guilty to the offense for which he had been indicted. Appellant answered the calling of his case without objection or motion and was represented by a public defender who had been appointed to represent Bradley about eight weeks before trial. That counsel's familiarity with the facts and law of the case and his professional competence were manifested during the subsequent trial

before the jury. After the plea of guilty had been entered, the trial judge correctly and adequately determined the plea was voluntarily and freely entered with full understanding of its effect. The trial court accepted the plea of guilty and after some inquiry as to the appellant's background, imposed a sentence of seven (7) years.

Only at this point did appellant indicate some dissatisfaction with the proceedings and his appointed counsel. As soon as the sentence of seven years was announced, the appointed counsel indicated that appellant wanted to withdraw his guilty plea. The trial court immediately granted that request and proceeded to call for a jury. The appellant then stated: "Your honor, when he first came — I'm not saying Mr. Calloway not substantial lawyer but believe he's a good lawyer, but I just don't feel he could handle my case the best that he can, because he don't suit me, because this weekend my family sent me some money to acquire me a lawyer. It happen I can financially get one." Further inquiry disclosed that appellant had received $300 over the weekend prior to the Monday trial and if necessary the appellant believed he could obtain additional funds. There was no indication in the transcript that the appellant made any effort to obtain the services of a counsel of his own choosing or requested his appointed attorney to assist him in such an endeavor. In fact, the transcript reflects appellant willingly proceeded with his appointed counsel through the guilty plea and sentence.

As was made clear in Gideon v. Wainwright, 372 U. S. 335 (83 SC 792, 9 LE2d 799) and cases subsequent thereto, at the very least, every person charged with a felony has an unconditional and absolute constitutional right to have available the services of an attorney at every stage of the trial. *Geiger v. State,* 129 Ga. App. 488, 500 (199 SE2d 861). See also *Roberson v. State,* 135 Ga. 654 (70 SE 175); *Smith v. State,* 60 Ga. 430; *Martin v. State,* 51 Ga. 567; *Duke v. State,* 104 Ga. App. 494 (122 SE2d 127).

But just as other constitutional and statutory rights may be waived intelligently by an accused (*Jones v. Mills,* 216 Ga. 616 (118 SE2d 484)), so too, we believe the constitutional guarantees of the benefit of counsel of choice may be waived by action or declaration. See

*Williams v. Gooding,* 226 Ga. 549 (176 SE2d 64). See also *Ford v. State,* 227 Ga. 279 (180 SE2d 545) and *Simmons v. State,* 126 Ga. App. 401 (190 SE2d 835). "The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused." Johnson v. Zerbst, 304 U. S. 458, 464 (58 SC 1019, 82 LE 1461).

In this case, appellant had ample opportunity to communicate directly to the trial court or to his appointed attorney that he wanted counsel of his own choosing prior to the commencement of the proceedings on the guilty plea. However, such was not done, apparently until appellant had received the unpleasant tidings of seven years imprisonment. Though appellant expressed the feeling that his appointed counsel did not suit him and he could hire another, there was no indication who or where new counsel would be obtained.

We subscribe to the proposition that undue haste in the administration of the criminal law is as much to be condemned as unnecessary delay. *Cannady v. State,* 190 Ga. 227 (9 SE2d 241). As was stated in *Harris v. State,* 119 Ga. 114, 116 (45 SE 973), "The true course lies between these two extremes. The law vests the determination of questions relating to the time of trial in the discretion of the trial judges; and this court will not interfere with their rulings on the subject, unless it is manifest that there has been an abuse of discretion."

In this case the trial court was warranted in its conclusion that appellant's request was ill timed; was more designed to delay than to defend; that appellant had insufficient funds to obtain the services of an attorney of his own choosing and had made no attempt in that direction. We find no abuse of discretion in the trial court's denial of appellant's request, particularly where appellant was represented by a qualified, experienced defense attorney who was well prepared to proceed with the defense of appellant's case. *Harris v. State,* supra; *Cannady v. State,* supra.

2. In his second enumeration of error, appellant complains the trial court erred in not rebuking counsel for

the state when the district attorney, in his argument to the jury, stated: "Now let me draw an inference or two about why we're trying this case and I'm not trying in any way to inject anything that is not in evidence. I'm simply drawing conclusions from what you heard and seen. Now, why would the defendant in this case, where they catch him red-handed; no question about his guilt. Why would he ask for a jury trial? The obvious reason I infer from the evidence, just from our common sense, that he's gambling that you'll give him a lower sentence than the judge would. That's what he's gambling."

Appellant describes that portion of the district attorney's argument as a statement of belief in appellant's guilt of the crime charged, based upon a personal opinion. Appellant further avers the failure of the trial judge to take the corrective measures prescribed in Code § 81-1009 was error fatal to his conviction. *City of Macon v. Smith,* 117 Ga. App. 363 (160 SE2d 622).

"What the law forbids is the introduction into a case, by way of argument, of facts not in the record and calculated to prejudice the accused." *Tuylor v. State,* 121 Ga. 348, 354 (7) (49 SE 303). "While counsel should not be permitted in argument to state facts which are not in evidence, it is permissible to draw deductions from the evidence; and the fact that the deductions may be illogical, unreasonable, or even absurd, is matter for reply by adverse counsel, and not for rebuke by the court." *Owens v. State,* 120 Ga. 209 (3) (47 SE 545).

We do not agree with appellant's contention that the district attorney's argument was a statement of opinion based on something outside the record. This was nothing more than "legal pyrotechnics" based upon a permissible deduction from the evidence and the fact that appellant had failed to adduce testimony in rebuttal of the state's evidence. *Berry v. State,* 123 Ga. App. 616 (1) (182 SE2d 166); *Vaughn v. State,* 126 Ga. App. 252, 262 (190 SE2d 609).

3. Appellant's third enumeration alleges that because he was not represented by counsel of his own choosing, certain prior convictions offered by the state and admitted by the court during the punishment phase of the trial resulted in fatally prejudicial error. In view of our

disposition of the first enumeration concluding that appellant was not erroneously denied such representation, this enumeration must fall as being nonmeritorious. The evidence was properly admitted during the punishment phase of the trial. Ga. L. 1974, pp. 352, 357 (Code Ann. § 27-2503 (a)); *Wallace v. State,* 134 Ga. App. 708 (7) (215 SE2d 703).

4. The fourth and sixth enumerations of error deal with the trial court's charge to the jury. Appellant complains in the fourth enumeration that the word "should" used in portions of the court's charge was an imperative and suggested to the jury it had a duty under the evidence to convict appellant. In the sixth enumeration appellant asserts that the trial judge erred when he charged that the legal effect of a plea of not guilty amounted to contention of nonguilt and further that the state had not proven and could not prove his guilt beyond reasonable doubt.

The fourth enumeration deals with the court's instruction informing the jury of the form and wording of its possible verdicts. Should the court find appellant guilty, its verdict would be announced in a particular way. Should the jury find appellant not guilty, their verdict would be announced yet another way. This portion of the questioned charge does not deal with the contentions of either the state or appellant. It was simply informative and when taken in context properly informed the jury of its alternatives without being argumentative or directory except insofar as it dealt with the formal language of the verdict ultimately found by the jury. *Wilkes v. State,* 16 Ga. App. 185 (1) (84 SE 721).

That portion of the charge complained of in the sixth enumeration of error is nothing more than an explanation of appellant's plea of not guilty. A plea of not guilty places into issue every material allegation in the indictment and every fact necessary to establish guilt. *Duke v. State,* 43 Ga. App. 428 (158 SE 919). As was stated in *Cooper v. State,* 2 Ga. App. 730, 731, ". . . the filing of a plea of not guilty by the accused is an explicit contention on his part antagonistic to every fact necessary to be proved by the state to establish his guilt. Unless he admits unequivocally one or more of the facts which it devolves

upon the state to prove, such facts must be proved." We find, when viewed as a whole, the charge was legally proper.

5. In his fifth enumeration, appellant suggests that the trial court erred in receiving the verdict of the jury and permitting the punishment phase of the trial to proceed without first directing the verdict to be entered in the record. *Irvine v. Grant,* 15 Ga. App. 269 (1) (82 SE 819).

The short answer to this enumeration is that the jury's verdict was received by the court and ordered by the court to be published by being read in open court by the district attorney. Verdicts acquire their legality from return and publication. *Martin v. State,* 73 Ga. App. 573, 578 (37 SE2d 411). This enumeration is without merit. *Maddox v. State,* 131 Ga. App. 86, 90 (205 SE2d 31).

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

ARGUED JUNE 2, 1975 — DECIDED SEPTEMBER 2, 1975 — REHEARING DENIED SEPTEMBER 29, 1975.

*Stanley H. Nylen,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph Drolet, H. Allen Moye, J. Melvin England, Assistant District Attorneys,* for appellee.

