## 70350. WALLACE v. THE STATE.
(333 SE2d 874)

BANKE, Chief Judge.

The defendant appeals his convictions of armed robbery and possession of a firearm by a convicted felon.

The victim testified that he and the defendant became involved in a confrontation over a traffic incident, with the result that both drivers exited their vehicles and exchanged words, whereupon the defendant produced a handgun, stuck him in the side with it, and threatened to kill him. He stated that at this time a female companion accompanying the defendant took his wallet from his pocket and told him not to move, following which the defendant pointed the pistol at his head and again threatened to kill him. He testified that the female companion subsequently took several cassette tapes from his car, as the defendant continued to detain him at gunpoint. The defendant did not testify or otherwise present evidence on his own behalf. *Held*:

1. The defendant's initial enumeration of error is directed to the court's failure to give a requested instruction on aggravated assault as a lesser included offense in armed robbery. The armed robbery indictment alleged that the defendant did, with the intent to commit theft, take the wallet and cassettes from the person and presence of the victim by the use of a pistol. The evidence clearly established that the defendant and his companion were acting in concert. There being no evidence to suggest the contrary, we conclude that there was no reasonable basis for a conclusion that the defendant was guilty of merely aggravated assault. It follows that the trial court did not err in rejecting the requested charge. See generally *Watson v. State*, 235 Ga. 461, 466 (219 SE2d 763) (1975).

2. After a period of deliberation, the jury foreman asked the judge when the intent to commit theft must be formed in order for

the offense of armed robbery to be established. In response, the judge charged that "there must be intent to commit theft, but it is not necessary that such intent exist for any particular period of time before the armed robbery, rather, the intent referred to simply must exist concurrent in time with the act." We find this to be a correct statement of the law. See generally 22 CJS, Criminal Law, § 29.

3. There being no evidence upon which to base a charge of misfortune or accident, the defendant's contention that the trial court should have instructed on these defenses is meritless.

4. The defendant was indicted as a recidivist under the provisions of OCGA § 17-10-7. He complains on appeal that the state waived its right to seek recidivist punishment by failing to announce at the opening of the trial that it intended to do so.

"The record does not reveal any challenge to the indictment prior to verdict, nor is there any indication in the record that the defendant was misled. In fact, the sentencing transcript shows quite clearly that counsel and the defendant knew he had been indicted as a habitual offender." *Chappell v. State*, 164 Ga. App. 77, 78 (296 SE2d 629) (1982). Accordingly, the state was not required to make any announcement on the subject at the inception of the trial.

5. At the original sentencing hearing, the court admitted evidence that the defendant had three previous felony convictions and then proceeded to sentence him, as an habitual offender, to serve 15 years in confinement for the armed robbery and five years for the weapon offense. The court was evidently under the impression at the time that subsection (b) of OCGA § 17-10-7 did not require the imposition of any particular sentence but merely required that the entire sentence imposed be served without parole. Upon motion by the state, the defendant was returned to court some six weeks after the imposition of the original sentence and was resentenced to life imprisonment on the armed robbery charge. He contends on appeal that the trial court was not empowered to increase his punishment under the circumstances. We disagree.

Although OCGA § 17-10-7 (b) lends itself to the construction originally placed upon it by the trial court, this court has held that subsections (a) and (b) must be read together and that "whether the offense for which defendant currently stands convicted is his second, third, fourth, or fourteenth — the only sentence imposable for 'such conviction' is the maximum time prescribed by the statute for that offense. [Cits.]" *Hammond v. State*, 139 Ga. App. 820 (229 SE2d 685) (1976). The maximum punishment prescribed for armed robbery is life imprisonment. Accord *Chappell v. State*, supra; *Parrish v. State*, 160 Ga. App. 601 (7) (287 SE2d 603) (1981). Moreover, pursuant to OCGA § 17-10-1 the trial court has no discretion to probate or suspend any portion of a life sentence. The trial court's original sentence

was consequently void, and it follows that the court's subsequent correction of the error was not only authorized but required. See *State v. Baldwin*, 167 Ga. App. 737 (307 SE2d 679) (1983); *State v. Shuman*, 161 Ga. App. 304 (287 SE2d 757) (1982). This court's contrary holding in *McClinic v. State*, 172 Ga. App. 54 (321 SE2d 796) (1984), to the effect that the trial court was not empowered to increase a sentence under circumstances identical in material respects to those considered here, is hereby overruled.

6. Finally, the defendant contends that one of the previous crimes relied upon by the state to prove his status as an habitual offender was not shown to be a felony within the meaning of OCGA § 17-10-7 (b). The statute refers to convictions rendered under the laws of any other state or of the United States of crimes which "if committed within this state would be felonies. . . ." The conviction at issue was a federal conviction for receiving, possessing, and concealing explosives (40 sticks of dynamite), knowing they had been stolen, in violation of Title 18, USC § 842 (h). The most closely related offenses under Georgia law are criminal possession of explosives (OCGA § 16-7-63) and theft by receiving stolen property (OCGA § 16-8-7). The former is clearly a felony; however, one of the elements of the offense is that the person charged has acted with the intent to use the explosives to commit a felony, or that he had known that another intended to use them to commit a felony. Theft by receiving stolen property, on the other hand, is a felony only if the property has a value in excess of $500. Thus, it is not necessarily the case that the defendant's federal conviction was for conduct which would be considered felonious under the laws of this state, and that conviction consequently cannot be considered a prior felony conviction within the meaning of OCGA § 17-10-7 (b). It follows that the trial court erred in designating that the two sentences were to be served without parole under the provisions of § 16-8-41 (b), and that portion of each sentence is consequently reversed.

*Judgment affirmed in part and reversed in part. Deen, P. J., McMurray, P. J., Birdsong, P. J., Carley, Sognier, Pope, Benham, and Beasley, JJ., concur.*

DECIDED JULY 10, 1985 —
REHEARING DENIED JULY 31, 1985 —

*Hubert E. Hamilton III*, for appellant.
*David L. Lomenick, Jr., District Attorney, David L. Whitman, Assistant District Attorney*, for appellee.