72099. CHASE v. THE STATE.
(345 SE2d 149)

SOGNIER, Judge.
Appellant was convicted of a violation of the Georgia Controlled Substances Act by selling and possessing with intent to distribute methamphetamine, and he appeals.

1. Appellant contends the trial court erred by charging the jury on "similar acts," because there was no evidence of similar acts and no notice was given that the State would present evidence of similar acts, as required by the Uniform Superior Court Rules. Insofar as failure to give notice is concerned, such notice was not required since the State did not present evidence of similar acts or transactions.

In the court's charge on flight the court referred to flight "or sim-

ilar acts." Contrary to appellant's contention, this was not a charge on similar acts but a charge on flight, and the phrase "similar acts" appears in the pattern criminal jury instruction on flight and has been approved by our Supreme Court. *Dix v. State*, 238 Ga. 209, 215 (5) (232 SE2d 47) (1977). No request was made to define the meaning of terms used in the charge, and the meaning of the phrase "similar acts" is not so obscure as to require definition absent a request. Id. Hence, there was no error in the court's charge.

2. Appellant contends error in denial of his motion to sever trial of the parties, as his co-defendants were involved in transactions in which appellant was not involved. Appellant and his two co-defendants, Walls and Love, were charged jointly with the sale of methamphetamines to an undercover agent on July 17, 1985 and there is no question that appellant was a participant in the sale. Appellant's motion to sever was based on the fact that he was not present when preliminary negotiations for the sale were conducted by his co-defendants, and testimony was presented that Walls told the undercover agent during those negotiations that appellant had the "crank," a slang term for methamphetamine. Appellant argues that it would be impossible for a jury to separate and apply evidence admissible against one defendant to that particular defendant, and appellant was thereby prejudiced.

Our appellate courts have set forth a three-part standard to apply in determining whether a motion to sever should be granted. "1. Will the number of defendants create confusion of the evidence and law applicable to each individual defendant? 2. Is there a danger that evidence admissible against one defendant will be considered against another despite the admonitory precaution of the court? 3. Are the defenses of the defendants antagonistic to each other and to each other's rights?" *Cain v. State*, 235 Ga. 128, 129 (218 SE2d 856) (1975); *Stevens v. State*, 165 Ga. App. 814, 816 (2) (302 SE2d 724) (1983). There was nothing confusing about the evidence in the instant case and the defenses were not antagonistic. As to the second standard, the evidence established clearly that there was a conspiracy among the three defendants to sell methamphetamines to the undercover agent. After the fact of conspiracy has been proved, declarations by any one of the conspirators during the pendency of the criminal project shall be admissible against all. OCGA § 24-3-5; *Gunter v. State*, 243 Ga. 651, 659 (6) (256 SE2d 341) (1979). Thus, Walls' statement to the undercover agent during the preliminary negotiations leading to the sale would be admissible against appellant whether he was tried jointly or at a separate trial. Therefore, the second prong of the three-part standard was not met by appellant.

A trial court's ruling on a motion to sever is a matter within the sound discretion of the trial judge, and to obtain a reversal, an appel-

lant has the burden of showing that the trial court abused its discretion in denying the severance. *Montgomery v. State,* 156 Ga. App. 448, 452 (1) (275 SE2d 72) (1980). Appellant has not met this burden and has not met the requirements of the three-part standard for determining whether a severance is appropriate. Hence, there was no error in denying appellant's motion to sever the parties for trial.

3. Appellant contends error by the trial court in allowing a co-conspirator's out-of-custody statement into evidence. The evidence disclosed that an undercover agent, Reed, and his informant met with Love and Walls on two occasions to arrange for the sale of methamphetamines to Reed. At the second meeting Walls told Reed that he got his "crank" from appellant. Reed and another agent who overheard the conversation through use of an electronic device were allowed to testify as to Walls' statement about appellant. Appellant contends it was error to allow such testimony because in the absence of independent evidence implicating appellant, statements made by Walls to Reed about appellant were inadmissible. This contention is without merit.

In order to admit the declaration of an alleged co-conspirator made during a criminal project, there must be sufficient evidence other than the declaration to establish the conspiracy at least prima facie and prove its existence beyond reasonable doubt. *Gunter,* supra. But the trial judge having a sound discretion as to the order of proof, if a prima facie case of conspiracy is shown from the whole evidence, the admission of such declaration is not error. Id.

A person commits a conspiracy to commit a crime when he, together with one or more persons, conspires to commit any crime and any one or more of such persons does any overt act to effect the object of the conspiracy. OCGA § 16-4-8. In the instant case appellant's co-defendants met with an undercover agent to set up a sale of methamphetamines. After negotiations for the sale were complete, the undercover agent went to the designated meeting place and Walls arrived about thirty minutes later. Shortly thereafter appellant and Love arrived in appellant's car. When Walls advised the undercover agent they were going elsewhere to consummate the sale and Reed refused to go, Love, Walls and appellant departed, telling Reed they were going to get the "stuff" and would be back in about fifteen minutes. On their return the sale was made; when police attempted to arrest the three men they fled in two separate cars, but were apprehended after a chase. This independent evidence established clearly that appellant was involved in a conspiracy to sell methamphetamines to Reed. Thus, it was not error to allow Reed and another agent to testify that Walls told Reed that appellant had the "crank." *Gunter,* supra.

Appellant's argument that the statement was not admissible be-

cause he had not received a copy of the co-conspirators' statement prior to trial is not supported by the transcript, which discloses that a summary of the conversation between Walls and Reed was provided to appellant's counsel three days prior to trial. Further, our discovery statute, OCGA § 17-7-210, relates to statements of the *defendant* (appellant here), not to statements made by third persons.

4. Appellant contends it was error to deny his motion for a new trial. The transcript and record contain no motion for a new trial; however, if such a motion was filed there is nothing in the record to show that it was ruled upon. Hence, there is nothing for us to review. *Hudson v. State*, 175 Ga. App. 692 (1) (334 SE2d 20) (1985).

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED MAY 9, 1986.

*Kenneth Gordon*, for appellant.

*Arthur E. Mallory III, District Attorney, William G. Hamrick, Jr., Assistant District Attorney*, for appellee.