### 74397. CARR v. THE STATE.
(357 SE2d 816)

BANKE, Presiding Judge.

Franklin Carr brings this appeal from his conviction of rape. *Held*:

1. The defendant first asserts that his character was improperly placed into evidence when the victim, on direct examination, recounted certain statements the defendant had made to her during her ordeal. It is well settled that evidence of what was said to the victim during the continuing course of the crime is admissible, even though it may show other criminal conduct on the part of the defendant. *Ellis v. State*, 176 Ga. App. 384, 386 (336 SE2d 281) (1985). Accordingly, we find no error.

2. The defendant avers that the trial court erred in charging the jury on "similar acts." The reference to similar acts was made in the context of a charge on flight. "Contrary to appellant's contention, this was not a charge on similar acts but a charge on flight, and the phrase 'similar acts' appears in the pattern criminal jury instruction on flight and has been approved by our Supreme Court. [Cits.]" *Chase v. State*, 179 Ga. App. 71, 72 (345 SE2d 149) (1986). This enumeration of error is consequently without merit.

3. The defendant next enumerates as error the failure of the trial court, without request, to charge the jury concerning the effect of prior inconsistent statements made by the victim. Pretermitting whether the victim actually made any prior inconsistent statements, OCGA § 5-5-24 (b) places a duty on the defendant to request jury instructions. The defendant is relieved of this duty only "in those circumstances where the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence." *Spear v. State*, 230 Ga. 74, 75 (195 SE2d 397) (1973). The omission complained of by the defendant herein does not fall into this category; consequently, since he did not request the charge in question, he cannot complain. See *Sosebee v. State*, 169 Ga. App. 370, 372 (6) (312 SE2d 853) (1983).

4. In his fourth enumeration of error, the defendant claims the trial court impermissibly allowed into evidence a prior consistent statement made by the victim. At trial, the defendant read into the record, for the purpose of impeachment, a portion of the victim's testimony from an earlier commitment hearing. The state claimed the testimony had been taken out of context, and the trial court granted

the state's request to read into evidence the portions of the victim's testimony which immediately preceded and followed that which had been read by the defendant. We find no abuse of discretion. Indeed, the prior testimony would have been admissible even in the absence of the defendant's actions in such regard. Where the veracity of a witness is at issue, and that witness is present at trial, under oath and subject to cross-examination, the prior consistent out-of-court statement of the witness is admissible. *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985). In this case, the victim's veracity was clearly placed in issue by the defendant. "Thus, the *Cuzzort* standards were met." *Patterson v. State*, 180 Ga. App. 194, 195 (348 SE2d 578) (1986).

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED MAY 5, 1987 —
REHEARING DENIED MAY 22, 1987 — ▮

*Griffin E. Howell III*, for appellant.
*Johnnie L. Caldwell, Jr., District Attorney, J. David Fowler, Assistant District Attorney*, for appellee.