73852. RUSSELL v. THE STATE.
(358 SE2d 631)

POPE, Judge.

Cantino Russell brings this appeal from his conviction and sen-

tence of armed robbery (OCGA § 16-8-41) and possession of a firearm during the commission of a felony (OCGA § 16-11-106). *Held*:

1. Appellant first enumerates as error the denial of his motion in limine which sought to preclude the introduction into evidence of an oral, in-custody statement made to police. The basis of this motion was the State's alleged noncompliance with the discovery provisions of OCGA § 17-7-210. As is pertinent here, the record discloses that appellant was arraigned on April 4, 1986. At that time defense counsel was permitted to review the State's file, which included appellant's oral, in-custody statement reduced to writing. On April 14, 1986 appellant made a proper and timely demand for discovery pursuant to OCGA § 17-7-210. The State responded to the motion on May 6, seven days before trial.

In light of the State's failure to furnish a written copy of appellant's oral, in-custody statement upon request at least ten days prior to trial, the trial court erred in denying appellant's motion in limine. *Walls v. State*, 169 Ga. App. 80 (1) (311 SE2d 243) (1983). We now turn to the question of whether this error was harmful to appellant so as to require reversal of his conviction and sentence.

The evidence showed that the victim positively identified appellant as the perpetrator of the crimes. Appellant accosted the victim with a loaded handgun and demanded money and car keys. The victim surrendered the car keys, and appellant fled in the victim's car. The victim immediately reported the robbery to the police, who a short time later spotted appellant in the victim's car and gave chase. Following an extended, high-speed chase, appellant abandoned the car and fled on foot. The police pursued appellant and apprehended him attempting to hide behind a bush. Appellant presented no evidence in his defense.

In light of the foregoing facts of record, we find it highly probable that the error here did not contribute to the verdict. "This is a plain and simple case of the evidence of the appellant's guilt, exclusive of the custodial statement, being overwhelming. Accordingly, the [S]tate's failure to [timely] provide the appellant with a [written copy of his] . . . in-custody statement was harmless error." *Dickey v. State*, 179 Ga. App. 383, 385 (346 SE2d 864) (1986). See *Talley v. State*, 251 Ga. 42 (302 SE2d 355) (1983); *Wallin v. State*, 248 Ga. 29 (5) (279 SE2d 687) (1981).

2. Appellant's remaining enumeration of error challenges the trial court's refusal to give his requested charge on theft by taking. However, "[i]t is clear from the record that there was no evidence to support a charge on theft by taking. The victim testified that [the keys to his car were taken at gun point.] The appellant did not testify. . . . Appellant's reliance upon *Hensley v. State*, 228 Ga. 501 (186 SE2d 729) (1972), is misplaced. While the defendants in that

case denied taking the victim's property while holding him at knife point, they did admit taking his property, and it was this admission that authorized a conviction of theft by taking." *Seawright v. State*, 170 Ga. App. 58 (316 SE2d 168) (1984). Appellant's in-custody statement contained no comparable admission. Thus, "where the evidence shows completion of the greater [offense], as here, it is not necessary for the court to charge on a lesser included offense. [Cits.]" *Hambrick v. State*, 174 Ga. App. 444, 447 (330 SE2d 383) (1985). Accord *Jacobs v. State*, 137 Ga. App. 592 (4) (224 SE2d 462) (1976); *Timley v. State*, 134 Ga. App. 727 (215 SE2d 735) (1975).

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED JUNE 4, 1987.

*Drew R. Dubrin*, for appellant.

*Lewis R. Slaton, District Attorney, Richard E. Hicks, Joseph J. Drolet, Paul Howard, Assistant District Attorneys*, for appellee.