## A89A0025. DIXSON v. THE STATE.
(382 SE2d 357)

BENHAM, Judge.

A jury convicted appellant of giving a false name to a law enforcement officer (OCGA § 16-10-25). He appeals from the denial of his motion for new trial. We affirm.

1. Appellant asserts as error the trial court's denial of his motion to suppress the introduction into evidence of his driver's license and airline ticket, which were obtained in the course of the investigation that led to his arrest. We find no error. Appellant made his suppression motion orally, and for the first time, during the trial. OCGA § 17-5-30 (b) requires that the motion "shall be in writing and state facts showing that the search and seizure were unlawful." "Although the Code does not provide for a specific time when such motion must be filed, it is clear that it shall be filed before trial as the 'purpose is to avoid the interruption of the trial for the purpose of investigating the collateral issue of the legality of the means by which the evidence was obtained.' [Cits.]. . . . '[A] failure to interpose a timely motion to suppress . . . constitutes a waiver of the constitutional guarantee with respect to the search and seizure in question.' [Cits.]. . . . And, motions made during trial are properly held to be dilatory. [Cit.]" *Stansifer v. State*, 166 Ga. App. 785, 788 (305 SE2d 481) (1983). Since appellant did not show that he became aware of the allegedly illegal seizure at such a late hour that a written motion was impossible (see *Rucker v. State*, 250 Ga. 371 (11) (297 SE2d 481) (1982)), the trial court did not err in its ruling.

Moreover, the record shows that appellant's suppression motion was made only with regard to the driver's license. His objections to the admission of the airline ticket were that it was not a "complete package" and that there had been a break in the chain of custody, which objections the trial court overruled. Since the "scope of [our] review is limited to the scope of the ruling in the trial court *as shown by the trial record* and cannot be enlarged or transformed . . ." (*Wilson v. State*, 145 Ga. App. 315, 323 (244 SE2d 355) (1978)), we will not consider the issue of the admission of the ticket.

2. Appellant contends that the trial court improperly charged the jury on the law of criminal intent as it related to the elements of a crime. He argues that the trial court should have instructed the jury on the specific intent of the crime with which appellant was charged, i.e., "the intent of misleading the officer as to his identity" (OCGA § 16-10-25); the trial court only charged the jury regarding general criminal intent. See OCGA § 16-2-1. Appellant did not request the charge that he complains was not given. "OCGA § 5-5-24 (b) places a duty on the defendant to request jury instructions. The defendant is

relieved of this duty only 'in those circumstances where the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence.' [Cit.]" *Carr v. State*, 183 Ga. App. 36 (3) (357 SE2d 816) (1987). The trial court's charge on general criminal intent, when considered together with the charges on the elements of the offense, including intent, and the State's burden of proving each element of the offense provided sufficient guidelines to the jury. "The omission complained of by the defendant herein does not fall into [the clearly harmful and erroneous] category; consequently, since he did not request the charge in question, he cannot complain. [Cit.]" Id.

3. During the testimony of one of the State's witnesses, appellant moved for a mistrial, arguing that the State had used a statement at trial that it had not included in the summary produced in response to appellant's request under OCGA § 17-7-210. The statement concerned the amount of money appellant had in his possession at the time of his arrest. The State argued that the testimony was given inadvertently, but conceded that a curative instruction to the jury might be appropriate. The trial court denied the motion for mistrial, and appellant took the position that he did not want the court to give curative instructions. " 'The grant or denial of a mistrial is within the discretion of the trial judge and will not be grounds for reversal on appeal unless a mistrial is mandated to ensure a fair trial. [Cit.]' " *Dye v. State*, 177 Ga. App. 824, 825 (341 SE2d 314) (1986). We have reviewed the record and find no ground for reversal. Appellant's statement as to the amount of money he had did not tend to prove or disprove his guilt of the crime with which he was charged. Since " 'there is no reasonable doubt about guilt whether or not the additional evidence is considered, there is no justification for a new trial.' [Cit.]" *Wallin v. State*, 248 Ga. 29, 33 (279 SE2d 687) (1981). See also *Russell v. State*, 183 Ga. App. 209 (1) (358 SE2d 631) (1987).

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED APRIL 3, 1989 —
REHEARING DENIED APRIL 28, 1989.

*Lawson, Washington & Thornton, Charles S. Thornton*, for appellant.

*Keith Martin, Solicitor, Jackie N. Stanton, Assistant Solicitor*, for appellee.