## A91A1570. MURPHY v. THE STATE.
### (416 SE2d 376)

BEASLEY, Judge.
Murphy was convicted of burglary, OCGA § 16-7-1, by entering the dwelling house of Randy Harper without authority and with the intent to commit theft. He was also convicted of being a recidivist, OCGA § 17-10-7, in that prior to committing the burglary, Murphy had been convicted of three felonies.

Harper testified that between 2:30 and 3:00 p.m. he heard glass breaking and caught the burglar with his hand through the broken area, breaking into his house through the back door. The burglar's face was pressed against the glass in the door, and Harper made eye contact with him and deliberately focused upon his facial features so that he could identify him. The burglar fled and drove from the scene in a bright red two-door car which appeared to be a Toyota or Nissan. He was unable to read the marked car tag. The car was never located.

Harper described the burglar to the police as having blond hair, a medium body build, a thin blond mustache, and a height of about six feet.

Two photographic arrays were presented. The first did not include a photograph of appellant, and Harper did not select any as being of the burglar. The second array did include appellant's photograph, and Harper immediately identified him. A few days later, Harper immediately identified appellant in a lineup. When asked

whether there was any doubt in his mind, he said, "No, I'm positive. That's the man who was trying to come in my house. I'm not going to forget his face." Trial identification also was positive.

A sheriff's investigator testified that he questioned appellant concerning the burglary, and appellant had given him several different stories as to his whereabouts at the time of the burglary. At various times, appellant said he was at work, in the county jail, in court concerning a divorce matter, and in another town talking to an attorney. The investigator discovered that appellant was neither at work nor in court at or near the time of the burglary and was in the county jail the previous night.

Appellant's alibi witness, his girl friend, testified that on the day of the burglary appellant left her house early in the morning to go to court about a divorce. He called her at approximately 2:20 p.m. and told her he was at a friend's house. She told him to come to her house. He arrived there by 2:30 or 2:35 and remained there until approximately 4:45 p.m.

1. Appellant enumerates error in the refusal to allow him to rehabilitate his witness with a prior consistent statement after her veracity was attacked through evidence of an even earlier inconsistent statement.

As a rebuttal witness, the investigator testified that when he originally asked the girl friend where appellant was on the day of the burglary, she replied that he had been at work all day. Appellant then recalled his witness and sought to introduce a letter from her to defense counsel in which she stated that appellant had been in court on the day of the burglary. The State objected on the ground that the letter had been composed by the witness at the request of defense counsel and was nothing more than a pre-trial statement as to what her testimony would be. The trial court sustained the objection.

Under *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985); *Edwards v. State*, 255 Ga. 149, 150 (2) (335 SE2d 869) (1985); *Lumpkin v. State*, 255 Ga. 363, 365 (4) (338 SE2d 431) (1986); and *Carr v. State*, 183 Ga. App. 36 (4) (357 SE2d 816) (1987), the witness' prior consistent statement (the letter) was admissible even though that statement was made after she gave the initial statement to police inconsistent with her trial testimony. Although, in cases such as *Edwards*, the veracity of the witness was placed in issue by a charge that their trial testimony was a recent fabrication, a prior consistent statement, not of recent origin, was admissible to rebut that challenge.

The girl friend's letter did not rebut the challenge to, or impeachment of, the witness' veracity to any greater extent than did her trial testimony. Nonetheless, the Supreme Court held in *Edwards* and *Lumpkin* that a prior consistent statement is admissible under *Cuzzort* over the objection that it constitutes impermissible bolstering

and in the absence of a charge of recent fabrication, if the witness' veracity has been placed in issue and the witness is present at trial under oath and subject to cross-examination. This holding as to the prerequisites for admission of prior consistent statements under *Cuzzort* was followed in *Carr*, and these conditions are present here. However, under the facts of this case, any error in the trial court's refusal to admit into evidence the letter written with the trial in mind was harmless.

2. The next assertion of error is the failure of the court to take any remedial action, as required by OCGA § 17-8-75, after the prosecuting attorney referred to facts not in evidence during closing argument.

The prosecuting attorney made the following comment concerning appellant's claim that he could not be the burglar because the car used by the burglar was different than appellant's car: "What means of transportation does he have on a regular basis? Why didn't [defense counsel] ask him that? Is there some reason they don't want to make mention about his access to rental cars or his access to other people's cars?" Appellant objected to part of the last rhetorical question on the ground that there was no evidence concerning rental cars. The court did not rule it improper.

" 'What the law forbids is the introduction into a case, by way of argument, of facts not in the record and calculated to prejudice the accused.' [Cit.] 'While counsel should not be permitted in argument to state facts which are not in evidence, it is permissible to draw deductions from the evidence; and the fact that the deductions may be illogical, unreasonable, or even absurd, is matter for reply by adverse counsel, and not for rebuke by the court.' [Cit.]" *Bradley v. State*, 135 Ga. App. 865, 868 (2) (219 SE2d 451) (1975).

It is true that there was no evidence concerning appellant's access to rental cars. However, the query merely sought to raise possible explanations of the fact that the burglary car was not appellant's car, other than the conclusion that appellant could not have been the burglar if the car used by the burglar was not appellant's car. The suggestion that the jury could deduce that defendant was using a car other than his own was a fair comment and not improper. Cf. *Shirley v. State*, 245 Ga. 616, 617 (1) (266 SE2d 218) (1980).

3. The third asserted error is the validity of the sentence. At trial, the judge pronounced a 14-year sentence for burglary and a consecutive 5-year sentence for recidivism. However, the court entered a single 19-year sentence.

OCGA § 17-10-7 (b) governs because defendant was convicted of his fourth offense. It provides that the sentence must be served in its entirety and not be subject to parole. As construed, the statute requires that the maximum punishment prescribed for the crime be im-

posed. *Hammond v. State*, 139 Ga. App. 820 (229 SE2d 685) (1976); see *Wallace v. State*, 175 Ga. App. 685, 686 (5) (333 SE2d 874) (1985).

Although the burglary statute authorizes the court to impose less than the maximum, albeit not less than five years, on a third conviction, OCGA § 16-7-1 (b), a fourth conviction requires the maximum under OCGA § 17-10-7 (b). Appellant cannot complain that he received one year less than the law required. The trial court's error was a benefit. Cf. *Wallace*, supra.

4. The final enumerated error is that, given appellant's alibi testimony and the evidence that his car, a faded orange 1978 Datsun 280Z hatchback, which therefore could not have been the burglary car, the evidence was insufficient to support the verdict under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). There was direct, eyewitness testimony identifying appellant as the burglar. Viewed in a light most favorable to the verdict, the evidence was sufficient to have authorized a rational trier of fact in finding appellant guilty beyond a reasonable doubt.

*Judgment affirmed. Johnson, J., concurs. Carley, P. J., concurs specially.*

CARLEY, Presiding Judge, concurring specially.

I concur fully in Divisions 2, 3 and 4 and in the judgment. With regard to Division 1, the majority opines that *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985) is authority for the admission of the letter excluded by the trial court. Thus, the implication is that the trial court may have erred, and the majority concludes with the statement that "any error in the trial court's refusal to admit into evidence the letter written with the trial in mind was harmless." I believe that under the factual circumstances of this case, *Cuzzort* is totally inapplicable and that there was no error at all in excluding the proffered self-serving evidence.

DECIDED MARCH 3, 1992.

*Jerry C. Gray*, for appellant.
*Timothy G. Madison, District Attorney*, for appellee.

