## A94A0907. HARPER v. THE STATE.

(445 SE2d 548)

BEASLEY, Presiding Judge.

Harper appeals his conviction of committing child molestation upon his six-year-old daughter. OCGA § 16-6-4.

Bell, a guidance counselor at the victim's elementary school, testified that the victim had been referred to her due to classroom disciplinary problems. Upon being questioned by Bell as to what was bothering her, the victim stated that her father had been fondling her genital area with his hand. She stated that when this happened, he would lock her brother out of the house. Bell excused the victim and called the victim's eight-year-old brother into her office. He told Bell that his father would frequently call his sister into the house while the two of them were playing and that he would lock the door and tell the brother not to come in until he told him to do so. Bell contacted the Department of Family & Children Services (DFACS).

DFACS Child Protective Services Worker Means and Paulding County Sheriff's Department Investigator Strickland came to the school and interviewed the two children. Tape recordings of their

statements were played for the jury and were consistent with the statements they had given to Bell. Means interviewed the victim a few days later in the presence of her mother and Strickland, and Means and Strickland both testified that the victim's statement at that time was consistent with her earlier statements.

At trial the victim denied that her father had directed her brother to go outside while he molested her. She testified that she did not remember making pretrial statements that this had happened. She also testified that her father had touched her only one time to get coffee off her after he had spilled it, and this was what she was talking about in the pretrial interviews with the State's witnesses. The victim's mother testified that when questioned by Means in the mother's presence, the victim stated that her father touched her by accident after spilling coffee and trying to remove it, and Means had said she was lying and that was not what she told them at school. The victim's brother testified that his father had never locked himself in the house with his sister and asked the brother to stay out, and he did not remember saying this to the State's witnesses. Appellant likewise testified that the only time he ever touched his daughter was to clean her up after spilling coffee.

Both Means and Strickland denied there was anything mentioned during their interview of the victim concerning appellant's spilling coffee on her.

Appellant called his attorney's secretary as a witness. She testified that she had tapes of counsel's interviews of the victim and her brother shortly before trial. The court stated that counsel could play these tapes to the jury. The first tape contained the victim's statement. Due to the poor quality of this tape, the court directed counsel to cease playing it. Counsel stated that he had not listened to the tape, apologized for its poor quality, and sought to question the witness concerning what the victim had said during the interview. The court sustained the State's hearsay objection.

Appellant enumerates three errors. He contends that under *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985), the court erred in sustaining the hearsay objection to evidence of the victim's prior consistent statement to defense counsel and in refusing to give his request to charge the jury on the use of a prior consistent statement as substantive evidence. The court had charged the jury on the use of prior inconsistent statements as substantive evidence. Appellant also contends that the court erred in refusing to allow the jury to hear the tape recordings of the statements made by the victim and her brother to defense counsel.

1. Under *Cuzzort*, the court erred in refusing to admit evidence of the prior consistent statement of the victim, although such statement was made to defendant's attorney shortly before trial. *Murphy*

*v. State*, 203 Ga. App. 152, 153 (1) (416 SE2d 376) (1992) (physical precedent only). "*Cuzzort* stands for the proposition that where the veracity of a witness is at issue, and that witness is present at trial, under oath, and subject to cross-examination, the prior consistent out-of-court statement of the witness is admissible." *Edwards v. State*, 255 Ga. 149, 151 (2) (335 SE2d 869) (1985).

The court likewise erred in refusing to charge the jury on the use of prior consistent statements as substantive evidence, particularly in light of the charge on the use of prior inconsistent statements as substantive evidence.

These errors were not harmless, as they affect the finding of incredibility of the trial testimony of the victim and her corroborating witnesses. Hers was the only direct evidence.

2. "Where the proper foundation for admission of a taped conversation is laid and portions of the conversation are inaudible, it is within the discretion of the trial judge to admit the tape." *Burke v. State*, 248 Ga. 124, 125 (2) (281 SE2d 607) (1981).

The court did not abuse its discretion in refusing to admit the tapes. Defense counsel admitted the tape of the victim's statement was of poor quality and sought instead to elicit testimony from the witness concerning the victim's statement. Even if this is not regarded as acquiescence in the court's ruling, there was no abuse. As to the tape of the brother's statement, counsel did not request an opportunity to determine whether it was of similar poor quality. There is no cause to complain, as the record lacks a basis for finding error in this particular.

*Judgment reversed. Andrews and Johnson, JJ., concur.*

DECIDED JUNE 8, 1994.

*F. Andrew Lane, Jr.*, for appellant.
*George C. Turner, Jr.*, District Attorney, *E. Chandler Barrett*, Assistant District Attorney, for appellee.